**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Kimberly A. Ahrens, Esq.*
*Telephone: (516) 747-0300, ext. 309*
*Facsimile: (516) 237-2893*
*Email: kahrens@meltzerlippe.com*

July 25, 2025

<u>Via ECF</u>

Magistrate Judge Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

Re:   *New York Microscope Company, Inc. v. Byers Holding Group LLC, et al.*
      Index No. 23-cv-03718 JMA-ARL
      MLGB File No. 11255-00060

Dear Judge Lindsay:

We represent Plaintiff New York Microscope Company, Inc. ("Plaintiff") in connection with the above-referenced matter. Pursuant to Local Rule 37.3, we submit the instant letter motion seeking an order compelling Defendants to appear in person for their depositions at our offices located in Mineola, New York. On July 25, 2025, Your Honor denied our previous motion dated July 24, 2025 with leave to renew to (1) provide more time for Defendants to appear for their depositions; and (2) amend the Notices of Deposition to remove the individuals. Annexed hereto as Exhibit A are Amended Notices of Deposition served on Defendants on July 25, 2025.

The current deadline for discovery is August 20, 2025. In order to provide more time for Defendants to attend their depositions as per Your Honor's direction, we selected dates in September which are after the discovery deadline. As such, we respectfully request an extension of the discovery deadline to **November 1, 2025** to (1) take Defendants' depositions and (2) take additional depositions of Defendants, if necessary, should their 30(b)(6) witnesses turn out not to have personal knowledge of the issues to be examined as set forth in the deposition notices.

The dates set forth in the original notices were discussed with counsel for Defendants, and we were working on picking mutually agreeable dates. The parties also discussed the appropriate witnesses for Defendants' Rule 30(b)(6) depositions, and Defendants agreed to produce (1) Zachary Byers on behalf of Defendant Byers Holding Group, LLC; and (2) Steve Luk on behalf of Defendant USA Capital Fund, LLC. Our office made good faith efforts to resolve this discovery dispute prior to submitting the instant letter motion, but Defendants refuse to attend their depositions in person at our offices, requiring Plaintiff to file the instant motion.

"This Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances." *See, e.g., Memory Film Prods. v. Makara,* No. 05CV3735(BMC)(KAM), 2007 WL 1385740, at *2 (E.D.N.Y. May 9, 2007) (citations omitted). Here, Defendants cannot complain they are required to

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
July 25, 2025
Page 2

travel to New York since Defendants chose to avail themselves of the jurisdiction of the United States District Court, Eastern District of New York by removing this case to this Court, and by filing counterclaims in this action seeking significant affirmative relief against Plaintiff. In particular, Defendant Byers Holding Group, LLC seeks, inter alia, a money judgment against Plaintiff in the amount of $879,228.38 (Doc. 26) while Defendant USA Capital Fund, LLC seeks a money judgment against Plaintiff in the sum of $815,743.38 (Doc. 27).

Importantly, Courts require parties to appear for depositions in the forum where the litigation is pending. "In general, the party noticing the deposition usually has the right to choose the location." *Stapleton v. Prince Carpentry, Inc.,* No. 22-CV-004044 (JS) (JMW), 2023 WL 1785547, at *1 (E.D.N.Y. Feb. 6, 2023) (citations omitted) (granting motion to compel in person deposition). "The party noticing the deposition is generally entitled to choose the deposition's location, and here, [noticing party] noticed [deponent]'s deposition in New York. This presumption in favor of the noticing party may be rebutted by the deponent showing that considerations like cost, convenience, and litigation efficiency weigh against the designated location." *Rohan v. Simon Mgmt. Assocs., LLC*, No. 24-CV-04042 (SJB) (JMW), 2025 WL 1047739, at *2 (E.D.N.Y. Mar. 22, 2025) (requiring deponent to travel from Virginia to New York for her deposition and holding that "[t]he hardship articulated by [deponent] is not, in this Court's view, sufficient to overcome the noticing party's right to conduct the deposition in person if that is the chosen path."). In *MPD Accessories B.V. v. Target Corp.*, No. 12 CIV. 7259 RJS, 2013 WL 1200359, at *1 (S.D.N.Y. Mar. 1, 2013), the Court held that the "[deponent's] unsupported claims of financial hardship do not amount to the 'compelling circumstances' necessary to override this policy [that a non-resident party who chooses this district as his forum must appear for a deposition in this forum absent compelling circumstances]."

Defendants have demanded that Plaintiff take their depositions remotely. Plaintiff prefers, and has noticed, that those depositions be taken in the Mineola offices of its counsel located in the Eastern District of New York. It is well-settled that "depositions are not to occur remotely other than by agreement or by court order, see Fed. R. Civ. P. 30(b)(4)." *GiftRocket, Inc. v. Buchnik*, No. 24 MC 5105 (RPK) (VMS), 2025 WL 888483, at *3 (E.D.N.Y. Mar. 21, 2025). "Moreover, while remote depositions have become more common in recent years, district courts have continued to recognize that there is nothing extraordinary or inappropriate about seeking to take a deposition in person, particularly for a key witness." *Kiss v. Kenny*, No. 22 CIV. 10663 (CS)(JCM), 2025 WL 1532744, at *2 (S.D.N.Y. May 29, 2025) (citations omitted). The witnesses at issue are the key witnesses for this matter. They were intimately involved in the transaction at issue and upon which Plaintiff bases its claims. There are many documents to go through with these witnesses. It is this Firm's experience that it is far more beneficial, efficient and effective in such cases to take depositions in such situations in person rather than remotely.

Defendants may argue that any in person deposition should be taken at their offices which are located outside of New York. The cases which hold a corporate defendant should be deposed at their corporate offices do not, however, demonstrate that a corporate Defendant who files counterclaims seeking significant affirmative relief in this Court is entitled to avoid an in person deposition at a place, such as the undersigned's offices located in the Eastern District of New York.

4921-0276-4120, v. 1

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
July 25, 2025
Page 3

We also note that in *Rohan*, No. 24-CV-04042 (SJB) (JMW), *supra*, where the Court gave a deponent the option to attend her deposition in person in New York or in her home state, the Court required the deponent to pay for the deposing party's costs to travel out of state to take the deposition if that was the place chosen for the deposition. Likewise, should the Court require that Defendants' in person depositions be taken at Defendants' out of state offices, we respectfully submit that the Court should then order Defendants to pay for Plaintiff's travel and additional fee costs to do so.

"It is also well-settled that the presumption in favor of locating a deposition at the deponent's residence or place of business can be overcome by a showing that factors of cost, convenience, and litigation efficiency militate in favor of an alternate location." *In re Livent, Inc. Sec. Litig.*, No. 98 CIV. 5686 (VM), 2002 WL 31366416, at *1 (S.D.N.Y. Oct. 21, 2002). Here, with respect to cost and convenience, these factors weigh in favor of requiring Defendants to attend their depositions in person in New York. First, all the parties in this matter, including Defendants, are represented by counsel in either New York or New Jersey. Second, requiring Defendants to travel to New York is not unduly burdensome given that in person depositions outside New York would require the attorneys to then travel to those locations at unnecessary additional cost and fees to the client parties. On balance, requiring Defendants to travel to New York to be deposed in person at the undersigned's offices in Mineola, New York is the most efficient and least inconvenient course.

Based on the foregoing, we respectfully request that the Court issue an order (1) directing Defendants to attend their depositions in person in New York as set forth in the Amended Notices of Deposition served on Defendants on July 25, 2025 (*see* Exhibit A); and (2) extending the deadline for discovery from August 20, 2025 to November 1, 2025.

Respectfully submitted,

*s/Kimberly Ahrens*
Kimberly A. Ahrens, Esq.

cc:     Ryan Milun, Esq.
        Dimitri Teresh, Esq.
        (via ECF)

4921-0276-4120, v. 1