

EUGENE KILLIAN, JR*
DIMITRI TERESH*
VIRGINIA A. NAIROOZ*

*MEMBER NJ & NY BAR

# THE KILLIAN FIRM, P. C.
### ATTORNEYS AT LAW

July 29, 2025

**VIA ECF:**
The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
United States District Court for the New York, Eastern District
814 Federal Plaza
Central Islip, NY 11722

Re:   New York Microscope Company, Inc. v. Byers Holding Group LLC
      E.D.N.Y. Case No. 23-cv-03718-JMA-ARL

Dear Judge Lindsay:

We write on behalf of Defendants Byers Holding Group LLC ("Byers Holdings") and USA Capital Fund, LLC d/b/a USA Medical Supply ("USA Medical") in opposition to Plaintiff's July 25, 2025 letter motion to compel Defendants to appear in person for depositions in New York. *Defendants consent to the requested extension of the discovery deadline to November 1, 2025.*

## STATEMENT OF FACTS

Defendants are corporate entities based outside New York—Byers Holding Group LLC is located in Arizona, and USA Medical Supply is located in Florida. Plaintiff chose to file this action in the Eastern District of New York rather than in defendants' home jurisdictions. During meet and confer discussions, Defendants' counsel indicated that depositions should occur in their respective home states or via remote videoconference. Plaintiff rejected these accommodations and now demands that corporate representatives travel 2,500 miles from Arizona and 1,300 miles from Florida to appear at Plaintiff's counsel's office in Mineola, New York.

## ARGUMENT

### I.   DEPOSITIONS PRESUMPTIVELY OCCUR AT THE DEPONENT'S LOCATION

This Court has consistently held that "deposition of a non-resident defendant, […] is generally conducted at the defendant's place of residence," and "where a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business." Buzzeo v. Bd. of Educ., 178 F.R.D. 390, 392 (E.D.N.Y. 1998).

Plaintiff's reliance on Memory Film Prods. v. Makara, No. 05-CV-3735 (BMC) (KAM), 2007 WL 1385740 (E.D.N.Y. May 9, 2007), is misplaced. That case establishes that "a non-

resident plaintiff who chooses this district as his forum [must] appear for deposition in this forum absent compelling circumstances." *(emphasis added)*. Defendants are not plaintiffs who voluntarily chose this forum—they were involuntarily haled into court by Plaintiff's unilateral decision. The policy rationale of <u>Memory Film</u>—that a party who chooses a forum should bear its burdens—actually supports Defendants' position.

Similarly, <u>Rohan v. Simon Mgmt. Assocs., L.L.C.</u>, No. 24-CV-04042 (SJB) (JMW), 2025 WL 1047739 (E.D.N.Y. Mar. 22, 2025), involved a Virginia deponent traveling 4-5 hours to New York—not the cross-country distances here, and the matter, too, involved a plaintiff who brought suit in E.D.N.Y., before moving to Virginia. Moreover, <u>Rohan</u> acknowledged that "cost, convenience, and litigation efficiency" can overcome the noticing party's location preference. <u>Id.</u> at *2.

**II.     RULE 30(b)(6) CORPORATE DEPOSITIONS IMPOSE UNIQUE BURDENS**

Both Defendants must designate Rule 30(b)(6) representatives to testify about extensive topics noticed by Plaintiff. It requires these witnesses to testify "as to all matters known or reasonably available to the organization," not just personal knowledge. This requires extensive preparation including: (1) interviews with multiple corporate employees, (2) review of corporate records across multiple databases, (3) coordination with officers possessing relevant knowledge, and (4) access to corporate filing systems during preparation. Forcing corporate representatives to travel from Arizona and Florida to New York would separate them from these essential resources. Courts in this district have consistently recognized this notion by the presumption in favor of corporate designee depositions being conducted at the principal place of business. <u>See</u> <u>e.g.</u>, <u>Buzzeo</u>, *supra*. The claim that a corporate defendant can deposed in a state outside of its residency by doing business therein was "squarely rejected by the courts of [S.D.N.Y] as a basis for requiring [it] to be deposed in New York…" <u>Gulf Union Ins. Co. v. M/V Lacerta</u>, 91 Civ. 2814 (PKL), 1992 U.S. Dist. LEXIS 2759, at *14 (S.D.N.Y. Mar. 9, 1992).

**III.    COST, CONVENIENCE, AND EFFICIENCY ALL FAVOR DEFENDANTS' POSITION**

Courts in this Circuit apply a three-factor test for deposition location disputes. <u>Sugarhill Records Ltd. v. Motown Record Corp.</u>, 105 F.R.D. 166, 170 (S.D.N.Y. 1985). Each factor decisively favors Defendants:

*Cost*: Cross-country travel from Arizona and Florida would impose thousands of dollars in airfare, lodging, meals, and lost productivity—costs eliminated by remote depositions or depositions in defendants' home states.

*Convenience*: Defendants are dispersed from the Southwest to the Southeast. New York is uniquely inconvenient for both, requiring full-day travel commitments each way, unlike the short Virginia-to-New York trip in <u>Rohan</u>.

*Efficiency*: Remote depositions eliminate all travel while preserving full participation and real-time document review. Plaintiff acknowledges that "remote depositions have become more



common in recent years."

IV. **PLAINTIFF'S FORUM CHOICE CANNOT IMPOSE UNREASONABLE BURDENS ON DEFENDANTS**

Plaintiff strategically chose to sue out-of-state defendants in New York. Plaintiff cannot complain about the natural consequences of that choice—that discovery may require travel to defendants' locations or remote proceedings. This Court has recognized that a plaintiff's choice of forum should not be permitted to impose undue burdens on a defendant. Del Fierro v. Pepsico Int'l, 897 F. Supp. 59, 64 (E.D.N.Y. 1995). Plaintiff seeks the benefits of a New York forum without accepting the logistical realities of prosecuting a case against distant defendants.

V. **COUNTERCLAIMS DO NOT WAIVE DEPOSITION LOCATION RIGHTS**

Plaintiff argues that Defendants' counterclaims constitute consent to New York depositions. This is incorrect. The counterclaims appear compulsory under Rule 13(a), arising from the same transaction. Defendants had to assert them or lose them forever. To hold that asserting compulsory counterclaims waives deposition location rights would create an untenable choice: forfeit valid claims or submit to unreasonable discovery demands. No court in this Circuit has adopted such an approach.

VI. **THE COURT SHOULD ADOPT DEFENDANTS' REASONABLE ALTERNATIVES**

Defendants propose three alternatives that balance all parties' interests:

1. *Remote Depositions*: The most efficient solution given defendants' geographic dispersion across multiple states.

2. *Depositions at Defendants' Locations*: If in-person depositions are necessary, they should occur in Arizona for Byers and Florida for USA Medical, following the general rule.

3. *Cost-Shifting*: If the Court orders New York depositions, Plaintiff should bear all travel costs including airfare, lodging, and meals for representatives from both AZ and FL.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to compel in-person depositions in New York and instead order that depositions be conducted: (1) remotely via videoconference; (2) in defendants' respective home states; or (3) if in-person in New York, with Plaintiff bearing all travel costs.

Yours truly,
**THE KILLIAN FIRM, P.C.**

By: */s/ Dimitri Teresh*

