

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Kimberly A. Ahrens, Esq.*
*Telephone: (516) 747-0300, ext. 309*
*Facsimile: (516) 237-2893*
*Email: kahrens@meltzerlippe.com*

July 30, 2025

<u>**Via ECF**</u>

Magistrate Judge Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

      Re:    *New York Microscope Company, Inc. v. Byers Holding Group LLC, et al.*
              Case No. 23-cv-03718 JMA-ARL
              <u>MLGB File No. 11255-00060</u>

Dear Judge Lindsay:

      We represent Plaintiff New York Microscope Company, Inc. ("Plaintiff") in connection with the above-referenced matter. Pursuant to Local Rule 37.3, we submit the instant letter motion seeking an order compelling Defendants to: (1) produce documents that are in Defendants' possession that were not produced in response to document demands; (2) produce a privilege log for any documents held on the basis of privilege; and (3) supplement their deficient interrogatory responses. Our office made a good faith attempt to resolve this matter without court intervention by sending correspondence to Defendants' counsel requesting they supplement their discovery responses as set forth herein, but Defendants failed to do so, necessitating the filing of the instant motion. The discovery sought herein is within Defendants' sole possession and is vital to Plaintiff's claims.

      This action concerns Defendant Byers Holding Group LLC's ("Byers") failure to pay Plaintiff a commission of $585,000 pursuant to an agreement between Plaintiff and Byers relating to the sale of personal protective equipment ("PPE"). The amended complaint in this action (ECF No. 23) contains three causes of action against Byers for breach of that agreement, and two causes of action against Defendant USA Capital Fund, LLC ("USA Medical") for tortious interference and conversion based on USA Medicals' interference with Byers' obligation to pay the commission and USA Medical's withholding of the funds.

      On January 23, 2025, Plaintiff served document demands and interrogatories on Defendants. Annexed hereto as <u>Exhibit A</u> are Plaintiff's document demands served on Byers; annexed hereto as <u>Exhibit B</u> are Plaintiff's interrogatories served on Byers; annexed hereto as <u>Exhibit C</u> are Plaintiff's document demands served on USA Medical; and annexed hereto as <u>Exhibit D</u> are Plaintiff's interrogatories served on USA Medical.

      On April 29, 2025, Byers served its responses to Plaintiff's document demands and

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
July 30, 2025
Page 2

interrogatories. Annexed hereto as Exhibit E are Byers' responses to Plaintiff's document demands; and annexed hereto as Exhibit F are Byers' responses to Plaintiff's interrogatories. On May 6, 2025, USA Medical served its responses to Plaintiff's document demands and interrogatories. Annexed hereto as Exhibit G are USA Medical's responses to Plaintiff's document demands; and annexed hereto as Exhibit H are USA Medical's responses to Plaintiff's interrogatories.

Plaintiff gave Defendants over two months to supplement their discovery responses, which they never did. On July 17, 2025, I wrote a deficiency letter to Defendants' counsel addressing the following deficiencies in Defendants' responses to Plaintiff's discovery demands:

- Defendants' document productions did not contain communications between Byers and USA Medical (and any of its agents) relating to Plaintiff, including communications concerning payment to Plaintiff.

- Defendants refused to produce documents or answer interrogatories relating to the existence of any common interest and/or joint defense agreement between Defendants. We note that Defendants are separate parties yet are represented by the same two attorneys.

- Defendants failed to identify any documents withheld on the basis of privilege and did not produce a privilege log.

The July 17, 2025 deficiency letter is annexed hereto as Exhibit I. The deficiency letter demanded that by July 25, 2025, Defendants (1) produce all communications between Byers and USA Medical relating to Plaintiff, including but not limited to, communications concerning payment to Plaintiff; (2) produce a privilege log for any documents or information withheld on the basis of privilege; and (3) supplement Defendants' deficient interrogatory responses.

Fed. R. Civ. P. Rule 37(a)(1) provides:

(a) Motion for an Order Compelling Disclosure or Discovery.

(1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Based on the foregoing, we respectfully request that the Court issue an order directing Defendants to supplement their document production and interrogatory responses as set forth above, and produce a privilege log for any documents or information withheld on the basis of

4908-2245-5129, v. 1

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
July 30, 2025
Page 3

privilege.

                                                  Respectfully submitted,

                                                  *s/Kimberly Ahrens*
                                                  Kimberly A. Ahrens, Esq.

cc:      Ryan Milun, Esq.
         Dimitri Teresh, Esq.
         (via ECF)

4908-2245-5129, v. 1