# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NEW YORK MICROSCOPE COMPANY, INC.,

                               Plaintiff,                Case No. 23-cv-03718

    -against-                                    **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT USA CAPITAL FUND, LLC d/b/a USA MEDICAL SUPPLY**

BYERS HOLDING GROUP LLC, and
USA CAPITAL FUND, LLC d/b/a USA MEDICAL
SUPPLY,

                              Defendants.
---------------------------------------------------------------X

**PLEASE TAKE NOTICE,** that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the corresponding Local Rules of the United States District Court for the Eastern District of New York (the "Local Rules"), Defendant USA Capital Fund, LLC d/b/a USA Medical Supply, ("USA Medical" or "Defendant") is hereby required to produce and permit discovery by Plaintiff New York Microscope Company, Inc. ("Plaintiff") or someone acting on its behalf, of the following documents and things, or a true copy thereof, within thirty (30) days, at the offices of Meltzer, Lippe, Goldstein & Breitstone, LLP, located at 190 Willis Avenue, Mineola, New York 11501 at 10:00 a.m., at which time they will be physically inspected, copied or mechanically reproduced and then returned.

## DEFINITIONS AND INSTRUCTIONS

1.    Plaintiff hereby incorporates the Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules in addition to the following definitions:

2.    The term "USA Medical" refers to Defendant USA Capital Fund, LLC d/b/a USA Medical Supply, its attorneys, employees, agents, officers, directors, managers, supervisors and any other persons acting under the name or authority of USA Medical.

3. The term "Byers" refers to Defendant Byers Holding Group LLC, its employees, agents, officers, directors, managers, supervisors and any other persons acting under the name or authority of Byers.

4. The term "Defendants" refers to Byers and USA Medical, collectively.

5. The term "PPE" refers to personal protective equipment.

6. The term "IHS" refers to the Indian Health Service National Supply Service Center.

7. The term "Action" refers to the action entitled *New York Microscope Company, Inc. v. Byers Holding Group, LLC, et al.,* E.D.N.Y. Case No. 23-cv-3718.

8. The term "Amended Complaint" refers to the Amended Complaint filed by Plaintiff on August 26, 2024 (Doc. 23).

9. The term "USA Medical Counterclaim" refers to the counterclaim in the Answer and Counterclaim filed by USA Medical on September 16, 2024 (Doc. 27).

10. The term "Contract" refers to the agreement entered into between Plaintiff and Byers dated September 25, 2022 that is the subject of this Action.

11. The time period for these demands shall be from January 1, 2022 through the time of trial unless otherwise stated.

12. The term "including" shall mean including, without limitation.

13. In the event that any document called for by this notice to produce is not produced:

   a. identify each such document;

   b. set forth the reason why the document has not been produced (*e.g.*, not in your custody, possession or control, destruction, claim of privilege), and

    c. if the document is not produced on the basis of a claim of privilege or for any other reason, identify the document with particularity, within a privilege log, including, without limitation, the addressor, the addressee, the author of the document, the number of pages, attachments and appendices, the date of the document, its general subject matter, the identities of each individual or entity to whom the document or a copy was transmitted, and the relationships of the persons transmitting and receiving each such document or a copy thereof or to whom the information therein was disclosed or discussed, and state the nature of the privilege asserted, if any.

14. If any document responsive to these demands has been lost, destroyed or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed and (v) your efforts to locate each such document.

15. These demands seek production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

16. Questions regarding the interpretation of these demands should be resolved in favor of the broadest possible construction.

17. These demands are to be considered as continuing and you are requested to provide, by way of supplementary responses hereto, such additional information as you or any persons acting on your behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses

4928-9229-6207, v. 2

now given to these demands. Such supplementary responses are to be served upon counsel for Plaintiff within thirty (30) days after receipt of such information or documents.

18. Each demand shall be construed independently, unless otherwise indicated. No demand shall be construed by reference to any other demand for the purpose of limiting the scope of response to such demand.

19. All terms that are capitalized, either initially or in their entireties, shall be construed as if they appeared in lower case letters, and vice versa, as may be necessary to bring within the scope of a demand all documents that might otherwise be construed to be outside its scope.

20. All electronically stored information must be produced, with Bates numbering, in either PDF format or native format (*i.e.*, the format in which the information is stored).

## DEMANDS

1. Documents and communications between USA Medical and Plaintiff relating to (1) the Action; (2) the Contract; (3) IHS; and (4) commission payments to Plaintiff.

2. Communications between USA Medical and Byers relating to (1) the Action; (2) the Contract; (3) IHS; and (4) commission payments to Plaintiff.

3. Documents and communications relating to the Contract between USA Medical and:

    a. Ossnat Koenig
    b. Zachary Byers
    c. John Rhoden
    d. Amber McQuerry
    e. Steve Luk
    f. Edwin Byers

       g. Eli Rouimi

       h. Andy Fink

       i. Revital Louk

       j. Counsel for Byers

4. Documents and communications relating to any agreement between USA Medical and Byers.

5. Documents and communications relating to commission payments owed to Plaintiff.

6. Documents and communications between USA Medical and Byers relating to the purchase and sale of PPE, including invoices, receipts, and proofs of payment.

7. Documents and communications between USA Medical and IHS relating to the purchase and sale of PPE, including invoices, receipts, and proofs of payment.

8. Documents and communications relating to any payments sent from IHS to USA Medical, directly or through Byers, for the purchase of PPE, including invoices, receipts, and proofs of payment.

9. Communications between USA Medical and any third party relating to (a) the Action; (b); the Contract; (c) the sale of PPE equipment to HIS; and (4) commission payments to Plaintiff.

10. Documents and communications between USA Medical and Plaintiff, Byers, and/or any third party relating to the claims in the Complaint.

11. Documents and communications between Byers and any government entity or representative relating to (1) the Contract; and (2) the sale of PPE to IHS.

12. Documents and communications relating to the USA Medical invoice for $815,743.38, as alleged in paragraph 7 of the USA Medical Counterclaim.

13. Documents and communications evidencing USA Medical' contention that "USA Medical was an intended beneficiary of the Byers/NYMC contract", as alleged in paragraph 6 of the USA Medical Counterclaim.

14. Documents and communications relating to all damages claimed by USA Medical in the USA Medical Counterclaim.

15. Documents and communications relating to any settlement entered into by USA Medical relating to the allegations in the Complaint and/or the USA Medical Counterclaim.

16. Documents and communications relating to any common interest and/or joint defense agreement entered into between USA Medical and Byers relating to the allegations in the Complaint and/or the USA Medical Counterclaim.

17. The email from Steve Luk to Zack Byers dated February 24, 2022 that is referenced in the text message from Zack Byers to Ossnat Koenig dated February 24, 2022 (*see* Plaintiff's document production, Plaintiff_00047).

Dated: Mineola, New York
January 23, 2025

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorneys for Plaintiff*

By: ___*/s/ Thomas J. McGowan*___
Thomas J. McGowan, Esq.
Kimberly A. Ahrens, Esq.
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

To: Dimitri Teresh
**THE KILLIAN FIRM, P.C.**
Tindal Executive Suites

4928-9229-6207, v. 2

107 Tindall Road
Middletown, New Jersey 07748
dteresh@tkfpc.com
(732) 912-2100

Ryan Milun
**THE MILUN LAW FIRM, LLC**
20 Commerce Drive, Suite 135
Cranford, New Jersey 07016
ryan.milun@milunlaw.com
(862) 702-5010

4928-9229-6207, v. 2