# EXHIBIT E

Ryan Milun (Bar No. 043412006)
Susan Ferreira (Bar No. 012602008)
**THE MILUN LAW FIRM, LLC**
20 Commerce Drive, Suite 135
Cranford, New Jersey 07016
Phone: 862-702-5010, ext. 1002
ryan.milun@milunlaw.com
susan.ferreira@milunlaw.com

*Attorneys for Defendant, Byers Holding Group LLC*

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK MICROSCOPE COMPANY, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>BYERS HOLDING GROUP LLC, and USA CAPITAL FUND, LLC d/b/a USA MEDICAL SUPPLY,<br><br>*Defendants.* | Case No: 23-cv-03718<br><br><br>**DEFENDANT BYERS HOLDING GROUP LLC'S RESPONSES TO FIRST REQUEST FOR DOCUMENTS SERVED BY PLAINTIFF NYMC** |

TO:   Thomas J. McGowan, Esquire
      Kimberly A. Ahrens, Esquire
      MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
      190 Willis Avenue
      Mineola, New York 11501
      *Attorneys for Plaintiff, New York Microscope Company, Inc.*

Defendant, Byers Holding Group LLC ("Byers") hereby objects and responds to the First Request for Production of Documents served by plaintiff New York Microscope Company, Inc. ("NYMC") in accordance with the Federal and Local Rules.

Dated: April 18, 2025                    **THE MILUN LAW FIRM, LLC**

                                         By:   *s/ Susan Ferreira*
                                               SUSAN FERREIRA

Page 1 of 6

**RESPONSE TO NYMC'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Documents and communications between Byers and Plaintiff relating to (1) the Action; (2) the Contract; (3) IHS; and (4) commission payments to Plaintiff.

   **RESPONSE**: Byers does not possess any documents responsive to this request, other than those contained within the responsive documents attached hereto.

2. Communications between Byers and USA Medical relating to (1) the Action; (2) the Contract; (3) IHS; and (4) commission payments to Plaintiff.

   **RESPONSE:** Attached are copies of the Purchase Order from Byers to USA Medical and the Assignment Agreement between Byers and USA Medical including the Addendum thereto. No commission payments have been made.

3. Documents and communications relating to the Contract between Byers and:

   a. Ossnat Koenig
   b. Zachary Byers
   c. John Rhoden
   d. Amber McQuerry
   e. Steve Luk
   f. Edwin Byers
   g. Eli Rouimi
   h. Andy Fink
   i. Revital Louk
   j. Counsel for USA Medical

   **RESPONSE**: See responsive documents attached hereto.

4. Documents and communications relating to any agreement between Byers and Plaintiff.

   **RESPONSE**: See copy of Agreement between Byers Holding Group LLC and New York Microscope Company Inc. dated September 25, 2022 attached hereto.

5. Documents and communications relating to any agreement between Byers and USA Medical.

   **RESPONSE:** See copy of Byer Assignment Agreement between Byers Holding Group, LLC and USA Capital Fund, LLC dated September 29, 2022 and Byer Assignment Agreement – Addendum dated October 2, 2022 which are attached hereto.

6. Documents and communications relating to commission payments owed to Plaintiff.

   **RESPONSE**: See responsive documents attached hereto.

7. Documents and communications between Byers and USA Medical relating to the purchase and sale of PPE, including invoices, receipts, and proofs of payment.

   **RESPONSE:** See responsive documents attached hereto.

8. Documents and communications between Byers and IHS relating to the purchase and sale of PPE, including invoices, receipts, and proofs of payment.

   **RESPONSE**: Responsive documents will be produced.

9. Documents and communications relating to any payments sent from IHS to Byers for the purchase of PPE, including invoices, receipts, and proofs of payment.

   **RESPONSE**: Responsive documents will be produced.

10. Communications between Byers and any third party relating to (a) the Action; (b) the Contract; (c) the sale of PPE equipment to IHS; and (4) commission payments to Plaintiff.

    **RESPONSE:** Responsive documents will be produced.

11. All bids prepared by Byers for government contracts for the purchase of PPE.

    **RESPONSE:** Responsive documents will be produced.

12. Documents and communications between Byers and Plaintiff, USA Medical, and/or any third party relating to the claims in the Complaint.

    **RESPONSE**: See responsive documents attached hereto.

13. Documents and communications between Byers and any government entity or representative relating to (1) the Contract; and (2) the sale of PPE to IHS.

    **RESPONSE**: Responsive documents will be produced.

14. Documents and communications relating to the USA Medical invoice for $815,743.38, as alleged in paragraph 7 of the Byers Counterclaims.

    **RESPONSE**: See copy of Invoice 23499 dated January 22, 2023 attached hereto.

15. Documents and communications relating to the allegation that "Byers incurred $63,485 in professional services", as alleged in paragraph 21 of the Byers Counterclaims.

    **RESPONSE:** Byers will provide responsive documents.

16. Documents and communications which relate to the statement that the "contract fell through due to concerns about pricing and cost allocations", as alleged in paragraph 6 of the Byers Counterclaims.

    **RESPONSE**: Byers does not possess documents responsive to this request.

17. Documents and communications relating to all damages claimed by Byers in the Byers Counterclaims.

    **RESPONSE:** See responsive documents attached hereto.

18. Documents and communications relating to any settlement entered into by Byers relating to the allegations in the Complaint and/or the Byers Counterclaims.

    **RESPONSE:** Byers does not have any documents responsive to this request.

19. Documents and communications relating to any common interest and/or joint defense agreement entered into between Byers and USA Medical relating to the allegations in the Complaint and/or the Byers Counterclaims.

    **RESPONSE:** Upon the advice of counsel, Byers objects to this request in that it seek information which is subject to the attorney-client privilege and/or attorney work product privilege. In addition, this request seeks information that is not relevant to the claims and defenses in this case and which are not reasonably calculated to lead to discovery of admissible evidence.

20. The email from Steve Luk to Zack Byers dated February 24, 2022 that is referenced in the text message from Zack Byers to Ossnat Koenig dated February 24, 2022 (*see* Plaintiff's document production, Plaintiff_00047).

    **RESPONSE:** See responsive documents attached hereto.

**CERTIFICATION**

I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

Dated: _____April 23_____, 2025        By: _*Zachary W Byers*_
                                                (signature)

                                            ___Zachary   Byers_____
                                                (printed name)