# EXHIBIT I



**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

July 17, 2025

**VIA EMAIL**

Dimitri Teresh
THE KILLIAN FIRM, P.C.
Tindal Executive Suites
107 Tindall Road
Middletown, New Jersey 07748
dteresh@tkfpc.com

Ryan Milun
THE MILUN LAW FIRM, LLC
20 Commerce Drive, Suite 135
Cranford, New Jersey 07016
ryan.milun@milunlaw.com

   Re: *New York Microscope Company, Inc. v. Byers Holding Group LLC, et al.*
      Case No. 23-cv-03718
      MLGB File No. 11255-00060

Dear Mr. Milun and Mr. Teresh:

  I write on behalf of Plaintiff New York Microscope Company, Inc. ("Plaintiff") to address the deficiencies in Defendants Byers Holding Group LLC ("Byers") and USA Capital Fund, LLC d/b/a USA Medical Supply's ("USA Medical") (collectively, "Defendants") responses to Plaintiff New York Microscope Company, Inc.'s ("Plaintiff") Requests for Production of Documents (the "Requests") and Plaintiff's Interrogatories (the "Interrogatories").

  As an initial matter, we note that Defendants' productions do not contain communications between Byers and USA Medical (and any of its agents) relating to Plaintiff, including communications concerning payment to Plaintiff.  **We hereby demand that Defendants produce by <u>July 25, 2025</u> all communications between Byers and USA Medical relating to Plaintiff, including but not limited to, communications concerning payment to Plaintiff.**  This demand includes communications from before the complaint was filed in this action (on March 31, 2023).

_____

**Long Island | New York City | Boca Raton | Miami**

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

Mr. Milun and Mr. Teresh
June 17, 2025
Page 2

In addition, Defendants originally agreed to produce all documents and respond to the Interrogatories by April 30, 2025. However, as set forth below, Defendants indicated in their responses to the Requests that they intend to produce additional documentation, yet Defendants have not done so. **Please produce the documents requested herein and supplement Defendant's responses to the Interrogatories by <u>July 25, 2025</u>.**

<u>The Deficiencies</u>

**1. Byer's Responses to the Requests**

Byers stated its responses to the Requests to Byers that "[r]esponsive documents will be produced" in response to Requests numbered 8, 9, 10, 11, 13, 15, and 17. However, to date, no additional documentation has been produced. Accordingly, Plaintiff requests that Byers produce the indicated additional documentation. If any documents are withheld on the basis of privilege, Byers must produce a privilege log identifying the withheld documents and communications.

Byers objected to and refused to produce documents in response to Request to Byers numbered 19 which seeks "documents and communications relating to any common interest and/or joint defense agreement entered into between Byers and USA Medical . . . ." If Byers is withholding any common interest and/or joint defense agreements or communications relating thereto on the basis of privilege, then Byers must produce a privilege log identifying the withheld documents and communications. The fact that Defendants are simultaneously represented by both Mr. Milun and Mr. Teresh does not shield them from their obligation to produce non-privileged, responsive documentation and communications between Defendants that is responsive to the Requests.

**2. USA Medical's Responses to the Requests**

Similarly as above, USA Medical objected to and refused to produce documents in response to Request to USA Medical numbered 16 which seeks "documents and communications relating to any common interest and/or joint defense agreement entered into between Byers and USA Medical . . . ." If USA Medical is withholding any common interest and/or joint defense agreements or communications relating thereto on the basis of privilege, then USA Medical must produce a privilege log identifying the withheld documents and communications. The fact that Defendants are simultaneously represented by both Mr. Milun and Mr. Teresh does not shield them from their obligation to produce non-privileged, responsive documentation and communications between Defendants that is responsive to the Requests.

**3. Byer's Responses to the Interrogatories**

Byers objected to and refused to answer Interrogatory to Byers numbered 5 which requests that Byers "[i]dentify any and all common interest and/or joint defense agreements between Byers and USA Medical . . . ." Whether or not a common interest and/or joint defense agreement exists between Defendants is not privileged information. Accordingly, Plaintiff

4918-6130-3886, v. 2

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

Mr. Milun and Mr. Teresh
June 17, 2025
Page 3

demands that Byers supplement its response to Interrogatory to Byers numbered 5, and, at the very least, identify whether a common interest and/or joint defense agreement exists. In addition, if Byers is withholding related documents or communications on the basis of privilege, then Byers must produce a privilege log identifying the withheld documents and communications.

### 4. USA Medical's Responses to the Interrogatories

Similarly as above, USA Medical objected to and refused to answer Interrogatory to USA Medical numbered 5 which requests that USA Medical "[i]dentify any and all common interest and/or joint defense agreements between Byers and USA Medical . . . ." Whether or not a common interest and/or joint defense agreement exists between Defendants is not privileged information. Accordingly, Plaintiff demands that USA Medical supplement its response to Interrogatory to USA Medical numbered 5, and, at the very least, identify whether a common interest and/or joint defense agreement exists. In addition, if USA Medical is withholding related documents or communications on the basis of privilege, then USA Medical must produce a privilege log identifying the withheld documents and communications.

**Please produce the documents and communications requested herein and supplement Defendant's responses to the Interrogatories by July 25, 2025.** We are available to meet and confer regarding the foregoing deficiencies, please contact me to set a mutually agreeable time for a conference call.

Sincerely,

*s/Kimberly Ahrens*
Kimberly A. Ahrens

cc: Thomas J. McGowan, Esq.

4918-6130-3886, v. 2