EUGENE KILLIAN, JR*
DIMITRI TERESH*
VIRGINIA A. NAIROOZ*



**THE KILLIAN FIRM, P. C.**
ATTORNEYS AT LAW

*MEMBER NJ & NY BAR

August 4, 2025

**VIA ECF:**
The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
United States District Court for the New York, Eastern District
814 Federal Plaza
Central Islip, NY 11722

**Re:** New York Microscope Company, Inc. v. Byers Holding Group LLC
EDNY Case No. 23-cv-03718-JMA-ARL

Dear Judge Lindsay:

We write on behalf of Defendants Byers Holding Group LLC ("Byers") and USA Capital Fund, LLC d/b/a USA Medical Supply ("USA Medical") in opposition to Plaintiff's motion to compel filed July 30, 2025. For the reasons below, Defendants request the Court deny Plaintiff's motion in its entirety.

## BACKGROUND

Following Plaintiff's July 17, 2025 deficiency letter, Plaintiff filed its motion to compel on July 30, 2025. On July 31, 2025, Defendants provided supplemental responses including: (1) partially redacted text messages between Zachary Byers and Andy Fink; (2) a privilege log; (3) a detailed breakdown of the $63,485 counterclaim; and (4) confirmation that all responsive non-privileged documents had been produced. On August 4, 2025, Defendants also produced the joint defense agreement.

## ARGUMENT

### I. DEFENDANTS HAVE FULLY COMPLIED WITH THEIR DISCOVERY OBLIGATIONS

*A. All Non-Privileged Communications Have Been Produced*

Defendants produced all responsive communications between Byers and USA Medical, including the text message thread. As confirmed in Defendants' July 31 letter, no additional documents exist as "most communications were done via phone calls."

TINDALL EXECUTIVE SUITES, 107 TINDALL ROAD, MIDDLETOWN NJ 07748 TEL: 732-912-2100
48 WALL STREET, 11TH FLOOR, NEW YORK NY 10005 TEL: 212-537-3866
WEBSITE: http://www.tkfpc.com

New York Microscope Company v. Byers Holding Group LLC
Page **2**

*B. The Redacted Text Messages Are Protected Work Product*

The redacted portions of the text messages are protected work product created in anticipation of litigation. The work product doctrine protects materials prepared by parties themselves, not just attorneys. Fed. R. Civ. P. 26(b)(3)(A); United States v. Adlman, 134 F.3d 1194, 1195 (2d Cir. 1998) (protection applies to documents prepared "because of" anticipated litigation); Doe v. U.S. (In re Grand Jury Subpoena Dated October 22, 2001) (In re Grand Jury Subpoena Dated October 22, 2001), 282 F.3d 156, 161 (2d Cir. 2002).

Courts in this State consistently protect party-to-party communications made in anticipation of litigation. See Gucci Am., Inc. v. Guess?, Inc., 271 F.R.D. 58, 74 (S.D.N.Y. 2010). The redacted portions contain discussions of potential legal strategies in anticipation of this litigation. Defendants offer to submit the unredacted messages for in-camera review. See United States v. Zolin, 491 U.S. 554, 568-69 (1989).

*C. The Joint Defense Agreement's Production Does Not Waive Privilege*

Plaintiffs have consistently been aware of the existence of a joint defense agreement, as they have tacitly confirmed through this motion. While Defendants produced the joint defense agreement on August 4, 2025, this should not be construed as waiving privileges or acknowledging production was required. Disclosure of a joint defense agreement's existence does not waive protection for communications made pursuant to it. United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989); HSH Nordbank AG N.Y. Branch v. Swerdlow, 259 F.R.D. 64, 73 (S.D.N.Y. 2009). The production was made in cooperation, not obligation.

II. DEFENDANTS CANNOT PRODUCE DOCUMENTS THAT DO NOT EXIST

Defendants provided a detailed breakdown of the $63,485 counterclaim:
- Zachary Byers: 279 hours at $185/hour ($51,615)
- Edwin Byers: 52 hours at $225/hour ($11,700)
- Out-of-pocket costs: $170

Plaintiff demands "actual time records" that do not exist. "A party cannot be required to create documents that it does not have." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002). Where documents do not exist, depositions are the proper venue for additional information. Trilegiant Corp. v. Sitel Corp., 272 F.R.D. 360, 370 (S.D.N.Y. 2010). Yet, Plaintiff complicates depositions by demanding out-of-state defendants travel to New York despite the normalization of remote depositions, all the while demanding information that can be easily obtained through same. See Rouviere v. Depuy Orthopaedics, Inc., 471 F. Supp. 3d 571, 575 (S.D.N.Y. 2020).

III. PLAINTIFF'S MOTION IS PROCEDURALLY IMPROPER

Fed. R. Civ. P. 37(a)(1) requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff's motion contains

K

no such certification, merely asserting that it sent correspondence, rendering it procedurally defective on its face. Plaintiff's statement, should it be considered as a certification, still falls far short of the meet-and-confer obligations of Local Rule 37.3(a), which states that, prior to filing a motion, "attorneys for the affected parties shall attempt to confer in good faith in person or by telephone in an effort to resolve dispute." This requirement is mirrored in Your Honor's part rules. Merely asserting availability for a meet-and-confer should not constitute an attempt to do so. Yet, as has been Plaintiff's pattern through this litigation, Plaintiff has made no efforts to engage in meaningful discovery-related discussions, relying instead on the same gamesmanship that is evident in its motions relating to depositions of Defendants' representatives (Docket Nos. 37, 38).

Even if Plaintiff had properly certified its meet-and-confer efforts, it failed to confer after receiving Defendants' supplemental production. The meet-and-confer requirement is not an empty formality and requires ongoing efforts as disputes evolve. <u>EM Ltd. v. Republic of Arg.</u>, 695 F.3d 201, 207 (2d Cir. 2012).

Plaintiff's August 1, 2025 letter acknowledges the supplemental production addressed several demands. However, rather than conferring with Defendants about the remaining issues, Plaintiff refused Defendants' request to withdraw its motion. <u>Tadayon v. Greyhound Lines, Inc.</u>, 2012 WL 1068146, at *4 (E.D.N.Y. Mar. 29, 2012). The two remaining issues could have been addressed through good faith discussion rather than continued motion practice.

## **CONCLUSION**

Defendants have fully complied with their discovery obligations. The limited redactions are properly protected work product, and Defendants offer in-camera review. Further, Defendants cannot produce non-existent documents. Plaintiff's procedurally defective motion should be denied. If the Court has concerns, Defendants request a conference rather than continued motion practice, as Plaintiffs should have done.

          Yours truly,
          **THE KILLIAN FIRM, P.C.**

By:   */s/ Dimitri Teresh*
      Dimitri Teresh