# EXHIBIT A



**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

August 1, 2025

<u>**VIA EMAIL**</u>
Susan Ferreira, Esq.
THE MILUN LAW FIRM, LLC
20 Commerce Drive, Suite 135
Cranford, New Jersey 07016
Susan.ferreira@milunlaw.com

      Re:    *New York Microscope Company, Inc. v. Byers Holding Group LLC, et al.*
              Case No. 23-cv-03718
              MLGB File No. 11255-00060

Dear Ms. Ferreira:

I received your email this morning (August 1, 2025) which requests we withdraw our discovery motion filed on July 30, 2025 seeking to compel discovery based on the deficiency letter to Defendants dated July 17, 2025. We cannot withdraw the motion because Defendants' production is still deficient for the following reasons.

First, you produced a redacted text message chain between Zachary Byers from Byers and Andy Fink from USA Medical. There is no legitimate basis for redacting any of the messages. There is no attorney-client privilege, as the communications are not with an attorney. "The mere fact that the communications were among co-defendants who had joined in a joint defense agreement is, without more, insufficient to bring such statements within the attorney-client privilege." *United States v. Krug*, 868 F.3d 82, 87 (2d Cir. 2017) (holding there was no attorney-client privilege between co-defendants where "[t]he communications occurred outside the presence of any lawyer."). The privilege exists to encourage truthful discussions between a client and attorney – not between co-defendants. *See generally Upjohn Co. v. United States*, 449 U.S. 383 (1981). Please produce the unredacted text message chain.

Second, the counterclaims allege that Plaintiff is somehow is responsible to pay Byers $63,485 for professional services, yet the "breakdown of hours" that you produced does not break down anything and does not indicate what "professional services" Byers allegedly provided or what "costs" Byers allegedly incurred. This is the entire excel spreadsheet:

---

**Long Island** | **New York City** | **Boca Raton** | **Miami**

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

Ms. Ferreira
August 1, 2025
Page 2

***Staff Costs***

|  | Hours | Rates | Total |
|---|---|---|---|
| Zac Byers | 279 | 185 | 51615 |
| Edwin Byers | 52 | 225 | 11700 |
|  |  |  | 63315 |

| ***Out of Pocket Costs*** | 170 |
|---|---|

| ***Total*** | 63485 |
|---|---|

If you have any actual time records or notes which demonstrate that there was any actual record-keeping, or any evidence of "costs" or the "professional services" that Byers allegedly performed (beyond what you have already produced), please produce the additional documentation.

Please produce the documentation described above and we will consider withdrawing the July 30, 2025 discovery motion.

Sincerely,

*s/Kimberly Ahrens*
Kimberly A. Ahrens

cc:    Dimitri Teresh, Esq.
       Ryan Milun, Esq.
       Thomas J. McGowan, Esq.

4900-5690-5561, v. 2