UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NEW YORK MICROSCOPE COMPANY, INC.,

                                                    Plaintiff,

        -against-

BYERS HOLDING GROUP LLC, et al.,

                                                    Defendant.
------------------------------------------------------------------------X

**ORDER**
CV 23-3718 (JMA) (ARL)

**LINDSAY, Magistrate Judge:**

Before the Court are three motions filed by the plaintiff, New York Microscope Company, Inc. ("NY Microscope"), and the opposition of the defendants, Byers Holdings Group ("Byers") and USA Capital Fund, LLC doing business as USA Medical Supply ("USA Medical"), to two of those motions.

NY Microscope first seeks an order compelling the defendants to appear, in person, for depositions at its counsel's offices located in Mineola, New York. By way of background, on July 24, 2025, NY Microscope filed a motion to compel the depositions of Steve Luk and Zachary Byers at plaintiff's counsel's office. The prior motion was denied for a number of reasons including: (1) the deposition notices had been served only three days before the motion was filed; and (2) Steve Luk and Zachary Byers were not named in the lawsuit. As such, it was unclear if the plaintiff intended to serve 30(b)(6) notices on the defendants or if the depositions of nonparty deponents were being sought.

Upon receipt of the order denying the motion, counsel for the plaintiff prepared amended notices to take the corporate deposition of Byers and USA Medical. Counsel for both parties then discussed the appropriate witnesses for the depositions and agreed that those

depositions should take place in September. However, counsel could not agree on the appropriate location for the depositions.

NY Microscope is now demanding that the representatives of both corporations appear, in person, at its counsel's office in New York. The defendants, who are corporate entities with principal places of business outside of New York, have requested that depositions of their representatives occur via remote videoconference. The Court finds the defendants' request to be reasonable. *See In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 578 (S.D.N.Y. 2020) (citing *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F.Supp.3d 571, 574 (S.D.N.Y. 2020) (the decision to grant a request for a remote deposition is left to the discretion of the Court, which must balance claims of prejudice and those of hardship). The defendants' representatives reside in Arizona and Florida. In addition to arguing convenience, they claim that many of the resources needed to prepare for the depositions are at their respective offices. Conducting the deposition remotely is certainly more cost effective and the plaintiff's will not be unduly prejudiced by the remote deposition. Accordingly, the plaintiff's first motion to compel is denied. However, counsel for the defendants is directed to make all necessary arrangements for the video depositions of Zachary Byers and Steve Luk.

Second, NY Microscope seeks to compel the defendants to produce documents that are allegedly in their possession but were not produced in response to document demands, to produce a privilege log for any documents held on the basis of privilege, and to supplement their interrogatory responses. Specifically, NY Microscope alleges that the defendants' document productions did not contain any communications between Byers and USA Medical relating to the plaintiff. NY Microscope also claims that the defendants refused to produce documents or answer interrogatories relating to the existence of any common interest and/or joint defense

2

agreement between them. Finally, NY Microscope complains that the defendants failed to identify any documents withheld on the basis of privilege and did not produce a privilege log.

According to the defendants, upon receipt of a deficiency letter from the plaintiff in mid-July, they served supplemental responses including: (1) partially redacted text messages between Zachary Byers and Andy Fink; (2) a privilege log; (3) a detailed breakdown of the $63,485 counterclaim; and (4) confirmation that all responsive non-privileged documents had been produced. In addition, on August 4, 2025, the defendants produced the joint defense agreement.

In its third motion, the plaintiff complains that the supplemental responses were insufficient. Nonetheless, it is clear that several of the issues addressed in the second motion to compel have been resolved and the Court questions whether the plaintiff filed both motions before engaging in a good faith effort to resolve the disputes. Accordingly, NY Microscope's second and third motions to compel are denied at this time with leave to renew should any issues be remaining after counsel meet and confer in good faith, in person or by telephone, to discuss whether any issues addressed in NY Microscope's motions still require judicial intervention.

Dated: Central Islip, New York  
   August 26, 2025

**SO ORDERED:**

_____/s/_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge