

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

September 18, 2025

<u>Via ECF</u>
Magistrate Judge Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

Re:   *New York Microscope Company, Inc. v. Byers Holding Group LLC, et al.*
       **Index No. 23-cv-03718 JMA-ARL; MLGB File No. 11255-00060**

Dear Judge Lindsay:

We represent Plaintiff New York Microscope Company, Inc. ("Plaintiff") in connection with this matter. We submit this letter motion pursuant to Local Rule 37.3 seeking an order compelling Defendants to produce unredacted versions of text messages between Defendants that were improperly redacted. This is the second motion to compel Plaintiff has filed relating to Defendants' refusal to produce relevant communications that are in Defendants' sole possession and vital to Plaintiff's claims. Good faith attempts were made to resolve this matter without court intervention through "meet and confers" via telephone on August 29, 2025 and September 17, 2025 but those attempts were unsuccessful. Defendants continue to withhold relevant communications that are material to Plaintiff's claims and responsive to its discovery demands.

This action concerns the failure of Defendant Byers Holding Group LLC ("Byers") to pay Plaintiff a commission of $585,000 pursuant to an agreement between Plaintiff and Byers relating to the sale of personal protective equipment ("PPE"). The amended complaint in this action (ECF 23) contains three causes of action against Defendant Byers for breach of that agreement, and two causes of action against Defendant USA Capital Fund, LLC ("USA Medical") for tortious interference and conversion based on USA Medicals' interference with Byers' obligation to pay the commission and USA Medical's withholding of funds owed to Plaintiff.

Plaintiff served document demands and interrogatories on Defendants on January 23, 2025 (ECF 40.1, 40.2, 40.3, 40.4). On April 29, 2025, Byers served its responses thereto (ECF 40.5, 40.6). On May 6, 2025, USA Medical served its responses (ECF 40.7, 40.8). Plaintiff gave Defendants over two months to supplement their discovery responses. On July 17, 2025, I wrote a deficiency letter to Defendants' counsel addressing deficiencies in Defendants' responses to Plaintiff's discovery demands, including that Defendants' document productions did not contain communications between Byers and USA Medical (and any of its agents) relating to Plaintiff (ECF 40.9). Defendants did not produce <u>any</u> communications in response to my July 17, 2025 deficiency letter. Plaintiff was therefore forced to file its first motion to compel on July 30, 2025 seeking, *inter alia*, to compel Defendants to produce communications between Defendants that were initially withheld from Defendants' document productions (ECF 40).

On August 1, 2025, <u>after</u> Plaintiff's first motion to compel was filed, Defendants belatedly produced redacted text messages between the Defendants, many of which were had prior to the commencement of this litigation. Defendants redacted many text messages and asserted privilege,

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
September 18, 2025
Page 2

despite the undisputed fact that there was no attorney present for, nor copied on, the communications at issue. I wrote a letter to Defendants that same day, demanding Defendants produce the unredacted text messages (ECF 42.1). Defendants refused to do so, and instead produced a joint defense agreement between Defendants that was dated August 2024, well after the commencement of this action on March 31, 2023. Defendants filed opposition to Plaintiff's first motion to compel (ECF 41). Plaintiff requested a conference to address the deficiencies in Defendants' first production of redacted text messages, since the redacted text messages were not produced until after Plaintiff's first motion to compel was filed (ECF 42).

This Court issued an Order denying, with leave to renew, Plaintiff's first motion to compel and request for a conference (ECF 43). The Court provided that Plaintiff could renew its motion to compel if judicial intervention remained necessary after counsel met and conferred in good faith by telephone (ECF 43, p.3). On August 29, 2025, the parties met and conferred by telephone, and Defendants agreed to produce a detailed privilege log to explain the redactions in the text messages. On September 11, 2025, Defendants produced: (1) a privilege log; and (2) a second round of redacted text messages. The second production of redacted text messages contained the same text message chain that had been produced by Defendants on August 1, 2025, except Defendants removed their redactions on some of the clearly unprivileged text messages that never should have been redacted in the first place. Defendants, however, did not remove their redaction from other text messages. Plaintiff believes that the latter text messages were improperly redacted.

On August 17, 2025, the parties met and conferred by telephone, and Plaintiff demanded that Defendants produce the entire text message chain, unredacted (with the exception of certain text messages that were withheld for containing bank account information), as there is no legitimate basis for redacting text messages between Defendants that: (1) were not with an attorney; (2) took place **prior** to the commencement of the instant litigation; (3) took place **prior** to the execution of any joint defense agreement between Defendants; and (4) were discussing the payment owed to Plaintiff.

Defendants are using their assertion of privilege to withhold text messages that are not actually privileged and are directly relevant to Plaintiff's claims. The amended complaint alleges that Defendant USA Medical tortiously interfered with Plaintiff's contract with Defendant Byers. Some of the text messages, which were not redacted, indicate that Defendant USA Medical did in fact convince Defendant Byers to breach its contract with Plaintiff. We believe that Defendants improperly redacted the more concerning text messages evidencing the tortious interference by USA Medical. Critically, some of the relevant text messages were initially redacted by Defendants in their first production of redacted text messages on August 1, 2025, then were later unredacted and produced in Defendants' September 11, 2025 production of redacted text messages. Many of the text messages which were initially redacted but then disclosed were not privileged communications. Instead, the initially withheld text messages included messages between Defendants prior to the commencement of this litigation discussing the payment owed Plaintiff, and the fact that USA Medical has been paying Byers' legal fees well before USA Medical was added as a defendant.

Since Defendants have demonstrated they used redactions to cover up relevant and unprivileged communications, it is beyond genuine dispute they are continuing to do so. For

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
September 18, 2025
Page 3

example, Defendants initially withheld their entire text message chain and did not even note its existence when they initially responded to Plaintiff's document demands. It has taken several rounds of deficiency letters and motions to this Court for Defendants to even admit these text messages exist. Defendants must not be permitted to falsely use privilege as a shield to withhold relevant communications that are material to Plaintiff's claims and responsive to its document demands.

The attorney-client privilege is not given broad, unfettered latitude to every communication with a lawyer, but is to be narrowly construed to meet this narrowest of missions. *Fisher v. United States,* 425 U.S. 391, 403 (1976)("since the privilege has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose"); *see also In re Horowitz,* 482 F.2d 72, 81 (2d Cir.1973)(privilege ought to be "strictly confined within the narrowest possible limits consistent with the logic of its principle"). "The privilege is a double edged sword however. Though it was devised with altruistic intentions to permit a greater good in enabling uninhibited communication, it can also serve a less than honorable purpose, that is, **being employed surreptitiously as a cover-up for nefarious objectives**." *Lugosch v. Congel*, 219 F.R.D. 220, 235 (N.D.N.Y. 2003)(emphasis added)(holding that Defendants failed to meet their burden to establish attorney-client privilege over certain documents that were improperly withheld).

While "the common-interest rule somewhat relaxes the requirement of confidentiality by defining a widened circle of persons to whom clients may disclose privileged communications, . . . a communication directly among the clients is not privileged unless made for the purpose of communicating with a privileged person, . . . i.e., the lawyer, agents of the client or of the lawyer who facilitate communications between the client and the lawyer, and agents of the lawyer who facilitate the representation." *United States v. Krug,* 868 F.3d 82, 87 (2d Cir. 2017) (citations and quotations omitted). In *Krug,* as here, the Second Circuit held that

> The communications at issue in this case did not serve the interests that justify the privilege. The communications occurred outside the presence of any lawyer. . . . [T]he excluded statements were not made for the purpose of obtaining legal advice from a lawyer, nor did the excluded statements share among defendants advice given by a lawyer, nor did the excluded statements seek to facilitate a communication with a lawyer. . . . The mere fact that the communications were among co-defendants who had joined in a joint defense agreement is, without more, insufficient to bring such statements within the attorney-client privilege. *Id.*

Based on the foregoing, we respectfully request that the Court issue an order directing Defendants to produce the improperly redacted text messages.

Respectfully submitted,
*s/Kimberly Ahrens*
Kimberly A. Ahrens, Esq.

cc:   Ryan Milun, Esq. (via ECF)
      Dimitri Teresh, Esq. (via ECF)

4911-0951-7930, v. 2