

# THE MILUN LAW FIRM

20 Commerce Drive – Suite 135
Cranford, New Jersey 07016

Ryan Milun, Esq.
(Admitted: NJ and CA bar)
ryan.milun@milunlaw.com
Phone: (862) 702-5010
Fax: (862) 206-4545
Direct: (862) 702-5011

September 22, 2025

**VIA ECF**
Magistrate Judge Arlene R. Lindsay, U.S.M.J.
Unites States District Court, Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722-4451

Re:   New York Microscope Company, Inc. v. Byers Holding Group, LLC and USA Capital Fund, LLC d/b/a USA Medical Supply
Docket No. 23-cv-03718 JMA-ARL

Dear Judge Lindsay:

We represent Defendants, Byers Holding Group, LLC ("Byers") and USA Capital Fund, LLC d/b/a USA Medical Supply ("USA Medical"), in this action. We respectfully submit this letter in opposition to Plaintiff's letter motion seeking an order compelling production of unredacted text messages. Plaintiff's request disregards well-settled privilege principles, mischaracterizes the record and seeks discovery beyond what is relevant and proportional to the parties' needs in this case under Fed. R. Civ. P. 26(b)(1). For the reasons set forth herein, the motion should be denied.

Defendants have produced relevant communications and complied with the Court's prior order. Plaintiff's assertion that Defendants are withholding relevant communications is unfounded. Following this Court's August 2025 Order, Defendants met and conferred in good faith and, on September 11, 2025, produced supplemental text messages with redactions removed where appropriate, along with a detailed privilege log explaining the basis for the remaining redactions. The text messages that remain redacted are limited and explained in the privilege log.

Contrary to Plaintiff's assertions, Defendants' redactions are supported by attorney-client privilege and the well-settled common-interest/joint defense doctrine. The redactions are for privileged communications, and more specifically text messages exchanged between co-defendants in the context of coordinating a defense strategy and litigation. Plaintiff's assertion that the messages are not privileged because counsel was not present, is likewise without merit.

Magistrate Judge Arlene R. Lindsay, U.S.M.J.
September 22, 2025

Courts recognize that parties working together in a joint defense can share privileged communications without losing the protection of the privilege. For example, the Court of Appeals of New York, stated:

> Disclosure is privileged between codefendants, coplaintiffs or persons who reasonably anticipate that they will become colitigants, because such disclosures are deemed necessary to mount a common claim or defense, at a time when parties are most likely to expect discovery requests and their legal interests are sufficiently aligned that "the counsel of each [i]s in effect the counsel of all". When two or more parties are engaged in or reasonably anticipate litigation in which they share a common legal interest, the threat of mandatory disclosure may chill the parties' exchange of privileged information and therefore thwart any desire to coordinate legal strategy. In that situation, the common interest doctrine promotes candor that may otherwise have been inhibited.

See Ambac Assur. Corp. v. Countrywide Home Loans, Inc., 27 N.Y.3d 616, 628 (Ct. App. 2016). Courts have held communications between co-defendants exchanged in the context of anticipation of litigation because the parties "indisputably share a complete alignment of interests in order for the attorney…to represent both parties. Accordingly, there is no question that the clients share a common identity and all joint communications will be in furtherance of that joint representation." Id. at 631; see also 330 Acquisition Co., LLC v. Regency Savings Bank, F.S.B., 783 N.Y.S.2d 805 (2004). (The joint-defense and common-interest privilege prohibits disclosure of statements made for a common purpose related to the defense of an action. It acts to bar a waiver of privilege when parties are engaged in existing or impending litigation, or when the parties face common problems in pending or threatened civil litigation.); see also GUS Consulting GmbH v. Chadbourne & Parke LLP, 858 N.Y.S.2d 591 (2008) which expressly stated:

> The courts of this state have recognized that
>
>> "'the public interest is served by shielding certain communications…from litigation, rather than risk stifling them altogether,' and have afforded a conditional, or qualified, privilege to a communication made by one person to another upon a subject in which both have an interest, known as a common interest privilege…

Here, the communications at issue occurred when litigation was reasonably anticipated as well as after the parties were represented by counsel. The redacted communications were made for the purpose of coordinating litigation strategy, settlement strategy and preserving a unified defense. Courts have repeatedly upheld privilege under these circumstances.

Magistrate Judge Arlene R. Lindsay, U.S.M.J.
September 22, 2025

Defendants have provided Plaintiff with a privilege log demonstrating that the redacted messages were directly tied to settlement and defense strategy as well as litigation coordination. Defendants agree with the principle that the privilege is narrowly construed and have already removed redactions where privilege was not clearly applicable. What remains redacted are communications that fall squarely within the privilege's purpose of ensuring clients can candidly exchange information and coordinate strategy with each other and counsel without fear of compelled disclosure.

Plaintiff's suggestion that Defendants are hiding evidence is baseless. The record shows the opposite. Defendants corrected their production and removed redactions when it became clear those text messages were not privileged. That demonstrates good faith and not misconduct.

Under the facts of this case, production of unredacted text message chains would be improper. Rule 26(b)(1) limits discovery to information relevant to a party's claims or defenses and proportional to the needs of the case. Plaintiff already possesses numerous communications evidencing the parties' dealings, including those directly addressing the commission dispute. Forcing disclosure of privileged strategy communications would not materially advance Plaintiff's claims but would severely prejudice Defendants' right to prepare their defense.

Defendants have acted in good faith, complied with the Court's directives, and appropriately invoked privilege where warranted. Plaintiff's demand for production of unredacted text messages disregards the well-established privilege principles. For these reasons, Defendants respectfully request that Plaintiff's motion be denied in its entirety.

    Respectfully submitted,
    **THE MILUN LAW FIRM, LLC**

    By: *s/Ryan Milun*
        Ryan Milun