

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

September 25, 2025

<u>Via ECF</u>
Magistrate Judge Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

Re:   *New York Microscope Company, Inc. v. Byers Holding Group LLC, et al.*
      **Index No. 23-cv-03718 JMA-ARL; MLGB File No. 11255-00060**

Dear Judge Lindsay:

We represent Plaintiff New York Microscope Company, Inc. ("Plaintiff") in connection with this matter. We respectfully submit that the Court should reject Defendants' untimely opposition filed today in response to Plaintiff's September 18, 2025 motion to compel. Pursuant to Your Honor's unambiguous rules, "A letter opposing the motion, not exceeding three (3) pages in length, may be submitted within three (3) business days of receipt of the letter motion." Thus, Defendants' opposition was due by September 23, 2025. As such, the Court should reject Defendants' late submission.

Should the Court decide to consider Defendants' untimely opposition, the arguments therein are specious. At once, Defendants admit they previously redacted unprivileged text messages and improperly asserted privilege, while simultaneously arguing that their redactions were proper. We are legitimately concerned (based on the history of Defendants' conduct) that Defendants continue to improperly use redactions to cover up text messages which directly concern Plaintiff's claims; including but not limited to its tortious interference with contract claim against Defendant USA Medical. We further question whether, in addition to the dilatory delays in discovery that Defendants have caused by withholding these text messages, Defendants are attempting to cover up a fraud upon this Court as the text messages will most likely establish that Defendants knowingly made misrepresentations of fact in pleadings and other submissions filed with this Court. Defendants' gamesmanship should not be tolerated any further. Such fraud, of course, is not protected by any attorney client or other privilege.

Based on the foregoing, we respectfully request that the Court reject Defendants' untimely opposition, grant Plaintiff's motion in its entirety, and issue an order directing Defendants to produce the improperly redacted text messages. At the very least, if the Court has any doubt, we request the Court review the redacted text messages *in camera* to determine whether Defendants are improperly withholding unprivileged and relevant text messages, as they have admittedly done for the past several months.

Respectfully submitted,
*s/Kimberly Ahrens*
Kimberly A. Ahrens, Esq.

cc:   Ryan Milun, Esq. (via ECF)
      Dimitri Teresh, Esq. (via ECF)