**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

March 16, 2026

<u>Via ECF</u>

Magistrate Judge Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

Re:   *New York Microscope Company, Inc. v. Byers Holding Group LLC, et al.*
      Index No. 23-cv-03718 JMA-ARL; MLGB File No. 11255-00060

Dear Judge Lindsay:

    We represent Plaintiff New York Microscope Company, Inc. ("Plaintiff") in connection with this matter. This action concerns the failure of Defendant Byers Holding Group LLC's ("Byers") to pay Plaintiff a commission of $585,000 pursuant to an agreement between Plaintiff and Byers relating to the sale of personal protective equipment ("PPE"). The amended complaint in this action (ECF 23) contains three causes of action against Byers for breach of that agreement, and two causes of action against Defendant USA Capital Fund, LLC ("USA Medical") for tortious interference and conversion based on USA Medicals' interference with Byers' obligation to pay the commission and USA Medical's withholding of the funds belonging to Plaintiff.

    Pursuant to the Court's direction set forth in the Minute Entry of February 26, 2026, this is to advise that I and counsel for Defendants engaged in a further meet and confer concerning Defendant's redaction of various communications under a claim of privilege and work product even though those communications were had prior to the commencement of this litigation by Plaintiff and were not communications between the defendants and any attorney. The privilege log provided by Defendants on September 11, 2026 (which amended an earlier version) is annexed hereto as Exhibit "A". The communications redacted by Defendants that are identified in the amended privilege log are annexed hereto as Exhibit "B".

    The Court will recall that Defendants were earlier directed to provide unredacted copies of the allegedly privileged communications at issue to the Court for its in camera review as to whether those communications are privileged or instead should be produced to Plaintiff. It appears that those documents were never provided to the Court. The parties unfortunately were not able to resolve this discovery dispute during our further meet and confer such that Defendants are maintaining their position that the redacted communications identified in their amended privilege log are privileged and thus protected from discovery by Plaintiff. This Court will therefore need to review the unredacted communications that Defendants will be providing to it and determine whether those unredacted communications should be produced to Plaintiff.

    In making its determination as to whether the redacted communications to be provided to the Court by Defendants are privileged, the Court should note that Defendants previously admitted they had improperly asserted privilege on similar communications before producing unredacted versions of some of those communications and providing Plaintiff the amended privilege log annexed hereto

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
March 16, 2026
Page 2

as Exhibit "A" as to communications Defendants continue to assert to this day are privileged.

A copy of the privilege log originally provided by Defendants, with notations as to the documents that were subsequently unredacted and provided by Defendants, is attached as Exhibit "C" for the Court's comparison to the amended privilege log annexed as Exhibit "A". The Court will note that the privilege assertions as to the documents subsequently unredacted and produced to Plaintiff are identical to various assertions in the amended privilege log as to other communications.

Since Plaintiff has obviously not seen the unredacted versions of the communications at issue that are continued to be withheld from production by Defendants on the ground of privilege, it cannot speak in any further specifics as to each of the redacted communications as to why each is not privileged. However, as noted and established by Defendants' privilege log, **these communications were all had between the defendant entities, were not had with counsel, and were had prior to the commencement of this lawsuit**. Moreover, we note that the Second Circuit has held that there is no attorney-client privilege between co-defendants where "[t]he communications occurred outside the presence of any lawyer.". *United States v. Krug*, 868 F.3d 82, 87 (2d Cir. 2017). The privilege exists to encourage truthful discussions between a client and attorney – not between co-defendants. *See generally Upjohn Co. v. United States*, 449 U.S. 383 (1981). Based on this settled law, Plaintiff contends that none of the documents set forth on the amended privilege log are in fact privileged and all should be produced to it.

Plaintiff also verily believes that Defendants continue to improperly use redactions to cover up communications which directly concern Plaintiff's claims; including but not limited to its tortious interference with contract claim against Defendant USA Medical.

Plaintiff therefore respectfully requests that the Court direct Defendants to produce unredacted versions of the documents identified in their amended privilege log (i.e. Ex. "A") to Plaintiff without further delay.

Thank you.

Respectfully submitted,

*[signature]*

Thomas J. McGowan, Esq.

cc:  Ryan Milun, Esq. (via ECF)
     Dimitri Teresh, Esq. (via ECF)

4916-0174-3512, v. 1