UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NEW YORK MICROSCOPE COMPANY, INC.,

                        Plaintiff,                          **ORDER**
                                                            CV 23-3718 (JMA)(ARL)

            -against-

BYERS HOLDING GROUP, LLC, USA CAPITAL
FUND, LLC *doing business as* USA MEDICAL
SUPPLY,

                        Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

Before the Court is the plaintiff's motion seeking an order compelling the defendants to

produce unredacted copies of text messages exchanged between the defendants.  The defendants

oppose the motion and have submitted the documents at issue for *in camera* review.  For the reasons

set forth below, the motion is granted in part.

By way of background, the plaintiff, New York Microscope Company, Inc. ("NY

Microscope"), commenced this action on April 3, 2023, in the Nassau County Supreme Court.  The

action concerns the alleged failure of the defendant, Byers Holding Group LLC ("Byers"), to pay NY

Microscope a commission of $585,000 pursuant to an agreement between NY Microscope and Byers

relating to the sale of personal protective equipment ("PPE").  On May 18, 2023, the action was

removed to this Court.  On August 26, 2024, NY Microscope filed an amended complaint containing

three causes of action against Byers for breach of that agreement and two causes of action against the

defendant, USA Capital Fund, LLC ("USA Medical"), for tortious interference and conversion based

on USA Medicals' interference with Byers' obligation to pay the commission and USA Medical's

withholding of funds owed to NY Microscope.

In January 2025, NY Microscope served the defendants with demands and interrogatories.

By May 2025, the defendants had responded but NY Microscope believed the response to be

deficient.  After plaintiff's counsel sent the defendants a deficiency letter and filed a motion to compel, the defendants produced redacted text messages between themselves, asserting attorney client privilege.  In July 2025, NY Microscope submitted another motion seeking to compel the defendants to: (1) produce documents in their possession that were not produced in response to document demands; (2) produce a privilege log for any documents held on the basis of privilege; and (3) supplement their interrogatory responses.  By order dated August 26, 2025, the Court denied the motion with leave to renew if judicial intervention remained necessary after counsel met and conferred in good faith by telephone.

The parties did meet on August 29, 2025, the defendants produced a privilege log and a second round of redacted text messages.  The second production of redacted text messages contained some of the same text message chains that had been produced in August, except the defendants removed their redactions on some of the unprivileged text messages.  The defendants did not, however, remove all of the redactions.  Accordingly, on September 18, 2025, NY Microscope renewed its motion.  Upon receipt of the motion and the defendants' opposition, the Court directed the defendants to submit the documents at issue for *in camera* review.  The undersigned never received those documents.

On February 26, 2026, the undersigned held a conference with the parties to discuss the status of the case.  Counsel confirmed that the issue concerning the text messages had not been resolved.  Accordingly, the Court directed the parties to submit letters by March 16, 2026, outlining the outstanding issues, which they did.  The defendants maintain that the redactions are supported by attorney-client privilege and the common-interest/joint defense doctrine.  Specifically, they claim the redactions are for privileged communications, and more specifically text messages exchanged between co-defendants in the context of coordinating a defense strategy and litigation.  The documents at issue were submitted to the Court for *in camera* review.

2

"The attorney-client privilege exists to encourage 'full and frank communication between attorneys and their clients, and thereby promote broader public interests in the observance of law and administration of justice.'" *Authors Guild v. Nat'l Endowment for the Humans.,* No. 25-CV-3657 (CM), 2026 WL 309491, at *2 (S.D.N.Y. Feb. 5, 2026), reconsideration denied *sub nom. Authors Guild v. Nat'l Endowment for Humans.,* No. 25-CV-3657 (CM), 2026 WL 550220 (S.D.N.Y. Feb. 27, 2026)(citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).  "The privilege protects confidential communications between a client and an attorney made for the purpose of obtaining or providing legal advice or services." *Id.*  "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]  The protection of the privilege extends only to communications and not to facts." *Upjohn Co. v. United States*, 449 U.S. at 395-96.  When seeking the protection of the attorney-client privilege, the party invoking the privilege bears the burden of establishing its applicability. *See In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 384 (2d Cir. 2003) ("the party invoking a privilege bears the burden of establishing its applicability," and the "burden is a heavy one, because privileges are neither 'lightly created nor expansively construed'"); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012).

"The common-interest doctrine – sometimes referred to as the joint-defense doctrine – is not a separate privilege, but rather an extension of the attorney-client privilege." *Authors Guild*, 2026 WL 309491, at *3 (citing *United States v. Schwimmer*, 892 F.2d 237, 243–44 (2d Cir. 1989)).  "The doctrine permits parties who share a common legal interest to exchange otherwise privileged communications without waiving the underlying privilege, and thus serves as 'an exception to the general rule that voluntary disclosure of confidential, privileged material to a third party waives any applicable privilege.'" *Id.* (citing *Sokol v. Wyeth, Inc.,* 2008 WL 3166662,

3

at *5 (S.D.N.Y. Aug. 4, 2008)).  However, "[t]he doctrine applies only to communications that are otherwise privileged in the first instance; it does not cloak non-privileged communications with protection." *Id*. (citing *Smith v. Pergola* 36 LLC, 2022 WL 17832506, at *7 (S.D.N.Y. Dec. 21, 2022)).

The Court has reviewed the documents and finds that, for the most part, the defendants have failed to establish the applicability of either privilege.  To the extent the defendants simply assert that several text messages are "settlement" discussions they fail to establish their privileged nature.   Nothing in those redacted conversations supports the fact that the individuals were discussing otherwise privileged information.  Discussions between principles of the corporate defendants concerning the litigation, or about a possible strategy, standing alone is not a basis to assert either privilege.  *Id*. ("Although an attorney need not have authored or received the communication for the [joint defense] doctrine to apply, the absence of an attorney underscores the need for careful scrutiny, and the doctrine is construed narrowly.").

With these principles in mind, the Court has made the following rulings.  Only the text messages (or portions of text messages) referenced below may be withheld.

1. The first message sent on March 10, 2023, at 5:05 PM may be withheld. However, the balance of the text chain beginning with "Unfortunately . . ." should be disclosed.

2. The redacted portion of the text message sent on March 13, 2023, at 4:17 may be withheld.

3. The first three redacted entries sent on March 16, 2023, at 3:21 PM beginning ""That's a. .," "Let me . . ., and "Maybe just . . ." must be disclosed.  The last text message directly above the March 17, 2023 entry may be withheld.

4. The text message sent on March 17, 2023, at 12:37 must be provided to the plaintiff if it was provided to counsel for the defendants' adversary.  The next three messages beginning "Let's . . . " "NP" and "Definitely . . . " should be disclosed. The next two text messages on that page may be

4

withheld.  The balance of the text message chain sent on March 17 beginning "200 . . .," "anything . . .," "otherwise . . .," "per . . .," "remember . . .," and "we received. . ." should also be disclosed.

5.  The text message sent on May 9, 2023, at 2:53 PM should be disclosed with the exception of the account numbers.

6.  The redactions contained in the copy of the August 25, 2024 email from Ryan Milun may be withheld.

7.  The text message sent on August 29, 2024, at 2:48 above the message beginning "How's 3pm . . ." may be withheld.  The balance of the redacted text messages on that page should be produced.

The defendants shall produce the messages as described in this order on or before March 25, 2026.  Other than what is listed above all other redacted communications must be disclosed in full by that same date.

Dated:  Central Islip, New York        **SO ORDERED:**
       March 23, 2026

                                           _____/s/_____
                                           ARLENE ROSARIO LINDSAY
                                           United States Magistrate Judge