

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

Thomas J. McGowan, Esq.
(516) 747-0300, Ext. 123
tmcgowan@meltzerlippe.com

May 11, 2026

**<u>Via ECF</u>**

Magistrate Judge Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

> **Re:** **<u>New York Microscope Company, Inc. v.</u>**
> **<u>Byers Holding Group LLC, et al., Case No. 23-cv-03718-JMA-ARL</u>**

Dear Judge Lindsay:

We represent Plaintiff New York Microscope Company, Inc. ("Plaintiff") in the above-captioned matter. Pursuant to this Court's prior extension of the discovery schedule, Plaintiff conducted the deposition of Defendant Byers Holding Group, LLC ("BHG"), by its principal Zachary Byers, on April 20, 2026. Plaintiff further conducted the deposition of Defendant USA Medical Supply ("USA Medical"), by its Chief Operating Officer Steven Luk, on April 28, 2026. Plaintiff now respectfully requests either: (i) that Defendants' answers and counterclaims be dismissed as a sanction for their having intentionally mislead this Court as to prior discovery issues affecting what discovery was allowed to date; or (ii) a further extension of the discovery deadline to permit completion of post-EBT disclosure, allow further deposition of USA Medical by Eli Roumi, and to allow Plaintiff to conduct the deposition of alleged non-party Andrew Fink.

**<u>Plaintiff's Post-EBT Demands</u>**

During the course of the deposition of BHG, Zachary Byers ("Byers") Byers testified that several responsive documents exist that were not produced by Defendants, notwithstanding that such materials had previously been demanded by Plaintiff.

By way of example, Byers was questioned concerning an invoice from USA Medical bearing the date January 22, 2023 (the "1/22/23 USA Medical Invoice"). *See* Ex. 1. During his testimony, Byers acknowledged that the 1/22/23 USA Medical Invoice was created and sent by USA Medical in response to his March 10, 2023 text message exchange with Andy Fink. In that exchange, Byers stated: "[o]ur plan (I believe) is to show her a bill from USA medical for estimated 300k in financing. 150k bill from BHG for service she was supposed to perform but we performed on her behalf. And oh by the way you are at breach so either take 135k or the number will keep going down." *See* Ex. 2.

Byers further testified that the 1/22/23 USA Medical Invoice was transmitted to him by email in or about March 2023, in response to that text exchange. *See*, Ex. 3 at 230-233. When asked why the invoice appears to pre-date the request for its creation, Byers testified that he did not know.

Nevertheless, Byers expressly acknowledged that multiple email transmittals attaching responsive documents exist but were never produced in response to Plaintiff's discovery demands. *See* Ex. 3 at 233:5-20.

After receipt of the deposition transcript, Plaintiff served post-EBT demands on May 11, 2026. A copy is

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
May 11, 2026
Page 2

annexed hereto as Exhibit 4. Those demands request production within fourteen (14) days. Many of the post-EBT requests seek materials already encompassed within Plaintiff's prior discovery demands dated January 23, 2025.

For example, Demand No. 7 of Plaintiff's prior Request for Production sought "[d]ocuments and communications between Byers and USA Medical relating to the purchase and sale of PPE, including invoices, receipts, and proofs of payment." Yet BHG failed to produce the transmittal email for the 1/22/23 invoice, which Byers admitted exists and which post-dates the date appearing on the invoice itself. Indeed, several transmittal emails for invoices appear to exist but were not produced in response to Plaintiff's original demands.

Likewise, Demand No. 11 sought all bids prepared for government contracts. Byers testified that BHG possesses such bid documents, yet those materials likewise were not produced.

Accordingly, the post-EBT demands are directed largely toward materials that should have been produced in the ordinary course of discovery and whose existence was only confirmed through deposition testimony.

**<u>Andrew Fink</u>**

Throughout the correspondence between BHG and USA Medical, there are emails from Andy Fink which identify an email address of andy@usamedicalsupply.org and which contain a signature line identifying Mr. Fink as the President of USA Medical. Mr. Fink also similarly set forth in his LinkedIn profile that he has been the President of USA Medical since April 2021.

The Court will also recall prior motion practice concerning the production and redaction of certain text messages between Andy Fink and Zachary Byers by Defendants. Defendants contended that the redactions were proper because they reflected privileged communications, specifically "text messages exchanged between co-defendants in the context of coordinating a defense strategy and litigation." *See*, Dkt. 52, Order dated March 23, 2026; *see also*, Dkt. 46, Letter from Ryan Milun, Esq., dated September 25, 2025.

However, in response to Plaintiff's Requests for Admission, USA Medical denied that Mr. Fink was the president of the company. Further, during his deposition Steven Luk testified that Andy Fink does not presently hold, and has never held, any position with USA Medical. Mr. Luk was unable to explain why Mr. Fink used a signature block identifying himself as President of USA Medical on emails.

Given their current contention that Mr. Fink was never an officer of USA Medical, Defendants' prior assertions to this Court of privilege in response to Plaintiff's motion to compel the production of the redacted text messages on the basis that he was a co-defendant engaged in coordinating a defense strategy, were demonstrably false. These contrary assertions are irreconcilable.

These contradictory positions suggest that Defendants' prior representations to both Plaintiff and the Court were materially misleading and were used to withhold and delay production of relevant evidence. Given that Mr. Fink appears to have had substantial involvement in the events at issue, Plaintiff seeks to depose Mr. Fink as either an alleged non-party witness or as the President of USA Medical.

4931-3085-7130, v. 4

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
May 11, 2026
Page 3

**Deposition of Steven Luk on Behalf of USA Medical**

As noted, Mr. Luk was deposed on April 28, 2026.[1]  During the deposition, he testified that he undertook no preparation whatsoever. He did not review a single document, including agreements, correspondence, invoices, or other records relevant to this action.

Mr. Luk further testified that since early 2022 USA Medical has had only three employees: himself, CEO Eli Rouimi, and an assistant. He testified that he did not participate in contract negotiations, was unable to testify concerning purchase orders or agreements, and had no involvement in the creation or transmission of invoices.

Accordingly, Plaintiff requested that USA Medical produce Mr. Rouimi as a witness with knowledge concerning the agreements and invoices at issue. Defendant refused to produce Mr. Rouimi.

**Conference with the Court**

Plaintiff respectfully submits that a conference with the Court is warranted in connection with the issues surrounding Andy Fink, including to consider appropriate sanctions.

As the Court is aware, prior disputes concerning the production and redaction of text messages between Andy Fink and Zachary Byers required motion practice and correspondence in September 2025. See Dkt. 46, Letter from Ryan Milun, Esq., dated September 25, 2025. Defendants justified withholding those communications on the basis that they reflected privileged "co-defendant" litigation communications, premised on the implication that Mr. Fink was an officer of USA Medical, while Mr. Byers is a principal of BHG.[2]

The Court resolved those issues in March 2026 following *in camera* review, finding that substantial redactions were improper. *See*, Dkt. 52, Order dated March 23, 2026.

None of this should have been necessary. Defendants now take the position that Mr. Fink has no role at USA Medical, notwithstanding documentary evidence reflecting his involvement, including emails bearing his signature identifying him as President of USA Medical and other communications reflecting his participation in the transactions at issue. This is contrary to Defendants' prior position, which depended on his alleged role at USA Medical to justify withholding discovery of text communications "between co-defendants".

Defendants' contradictory assertions as to Mr. Fink are further underscored by Defendants' shifting account of the flow of funds, including their contention that monies received from IHS were transmitted to Prem Pro LLC as opposed to USA Medical. Prem Pro is an entity they now assert is independently owned and operated by Mr. Fink. This further highlights that Mr. Fink's involvement is central to the issues in this case.

In light of this history, Plaintiff respectfully submits that a conference with the Court is warranted to address these issues, including consideration of appropriate discovery sanctions and to ensure compliance going forward.

---

[1] Plaintiff is still awaiting Mr. Luk's deposition transcript in order to serve Post-EBT demands.

[2] Plaintiff had no reason to question that Mr. Fink was an officer of USA Medical since his correspondence identified him as President of USA Medical and therefore there was no reason to question whether Defendants' representation as to text exchanges "between co-defendants" was false.

4931-3085-7130, v. 4

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

The Honorable Arlene R. Lindsay, U.S. Magistrate Judge
May 11, 2026
Page 4

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court either sanction Defendants by striking their answers and counterclaims or, alternatively, extend the discovery deadline for a reasonable period sufficient to permit: (i) responses to Plaintiff's post-EBT demands and production of all responsive documents, (ii) the deposition of non-party Andrew Fink, (iii) the deposition of Eli Rouimi, or such other knowledgeable representative of USA Medical as the Court directs, and (iv) such other or further relief as the Court deems appropriate concerning Defendants' discovery conduct including awarding Plaintiff attorney's fees. Plaintiff further requests such other and further relief as the Court deems just and proper.

Respectfully submitted,
*/s/ Thomas J. McGowan*
Thomas J. McGowan, Esq.

cc:        All Counsel of Record via ECF

4931-3085-7130, v. 4