# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NEW YORK MICROSCOPE COMPANY, INC.,

                        Plaintiff,              Case No. 23-cv-03718-JMA-ARL

      -against-                      **POST-EBT DEMAND TO**
                                        **BYERS HOLDING GROUP**
BYERS HOLDING GROUP LLC, and    **LLC**
USA CAPITAL FUND, LLC d/b/a USA MEDICAL
SUPPLY,

                        Defendant.
-----------------------------------------------------------------X

      **PLEASE TAKE NOTICE,** that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the corresponding Local Rules of the United States District Court for the Eastern District of New York (the "Local Rules"), Defendant Byers Holding Group LLC ("Byers" or "Defendant") is hereby required to produce and permit discovery by Plaintiff New York Microscope Company, Inc. ("Plaintiff") or someone acting on its behalf, of the following documents and things as requesting during the deposition of Zachary Byers held on April 20, 2026, or a true copy thereof, within fourteen (14) days, at the offices of Meltzer, Lippe, Goldstein & Breitstone, LLP, located at 190 Willis Avenue, Mineola, New York 11501 at 10:00 a.m., at which time they will be physically inspected, copied or mechanically reproduced and then returned.

**DEFINITIONS AND INSTRUCTIONS**

      1.      Plaintiff hereby incorporates the Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules in addition to the following definitions:

      2.      The term "Byers" refers to Defendant Byers Holding Group LLC, its attorneys, employees, agents, officers, directors, managers, supervisors and any other persons acting under the name or authority of Byers.

3.      The term "USA Medical" refers to Defendant USA Capital Fund, LLC d/b/a USA Medical Supply, its employees, agents, officers, directors, managers, supervisors and any other persons acting under the name or authority of USA Medical.

4.      The term "Defendants" refers to Byers and USA Medical, collectively.

5.      The term "PPE" refers to personal protective equipment.

6.      The term "IHS" refers to the Indian Health Service National Supply Service Center.

7.      The term "Contract" refers to the agreement entered into between Plaintiff and Byers dated September 25, 2022 that is the subject of this Action.

8.      The term "Action" refers to the action entitled *New York Microscope Company, Inc. v. Byers Holding Group, LLC, et al.,* E.D.N.Y. Case No. 23-cv-3718.

9.      The term "Amended Complaint" refers to the Amended Complaint filed by Plaintiff on August 26, 2024 (Doc. 23).

10.     The term "Byers Counterclaims" refers to the counterclaims in the Answer and Counterclaim filed by Byers on September 16, 2024 (Doc. 26).

11.     The term "IHS Contract" refers to the agreement entered into between Byers and the Indian Health Services dated September 22, 2022, which is referenced as Contract number 75H71122P00934.

12.     The time period for these demands shall be from January 1, 2022 through the time of trial unless otherwise stated.

13.     In the event that any document called for by this notice to produce is not produced:

a.  identify each such document;

b.  set forth the reason why the document has not been produced (*e.g.*, not in your custody, possession or control, destruction, claim of privilege), and

2

c. if the document is not produced on the basis of a claim of privilege or for any other reason, identify the document with particularity, within a privilege log, including, without limitation, the addressor, the addressee, the author of the document, the number of pages, attachments and appendices, the date of the document, its general subject matter, the identities of each individual or entity to whom the document or a copy was transmitted, and the relationships of the persons transmitting and receiving each such document or a copy thereof or to whom the information therein was disclosed or discussed, and state the nature of the privilege asserted, if any.

14. If any document responsive to these demands has been lost, destroyed or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed and (v) your efforts to locate each such document.

15. These demands seek production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

16. Questions regarding the interpretation of these demands should be resolved in favor of the broadest possible construction.

17. These demands are to be considered as continuing and you are requested to provide, by way of supplementary responses hereto, such additional information as you or any persons acting on your behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now

4935-8035-7290, v. 3

given to these demands.  Such supplementary responses are to be served upon counsel for Esports within thirty (30) days after receipt of such information or documents.

18.    Each demand shall be construed independently, unless otherwise indicated. No demand shall be construed by reference to any other demand for the purpose of limiting the scope of response to such demand.

19.    All electronically stored information must be produced, with Bates numbering, in either PDF format or native format (*i.e.*, the format in which the information is stored).

### DEMANDS

1.    Documents and communications concerning the bid submitted by Byers to Indian Health Services ("IHS") in connection with the award of the IHS Contract, including, but not limited to, the final bid submission, all drafts, attachments, supporting materials, and all correspondence or communications prepared, sent, or received by or on behalf of Byers relating to the preparation, submission, evaluation, or award of the bid.

2.    All correspondence and communications between Byers and John Rhoden from September 1, 2022 through September 30, 2022 concerning or relating to the bid submitted to IHS, including the preparation, submission, evaluation, or award of the bid.

3.    All bank statements, deposit records, wire confirmations, payment advices, and other documents sufficient to reflect any funds received by Byers from IHS, including the date, amount, source, and account into which such funds were deposited.

4.    The email transmitted by Byers to IHS attaching or concerning the proposed assignment to USA Medical, which was blind copied to Eli Roummi, together with all attachments, metadata, and any related correspondence or communications concerning that transmission.

4

5.        All emails sent by Andy Fink to Zach Byers on or about November 29, 2022 and November 30, 2022, together with all attachments and related correspondence.

6.        All emails, correspondence, and communications containing or attaching proposed delivery schedules for IHS, together with all drafts, revisions, and attachments.

7.        The email from Andy Fink to John Rhoden and Zach Byers dated December 6, 2022, together with all attachments and related correspondence.

8.        The email sent on or about December 19, 2022 to Culver at IHS, which copied Andy Fink, together with all attachments and related correspondence.

9.        The email from Andy Fink to Zach Byers sent on or about January 4, 2023 requesting a personal guaranty, together with all attachments and related correspondence.

10.        All emails from Andy Fink to Zach Byers concerning invoices from late December 2022 through early January 2023, together with all attachments and related correspondence..

11.        All bank statements, deposit records, wire confirmations, cancelled checks, and other documents sufficient to reflect: (a) the amount of IHS funds held by Byers as of February 2023, and (b) all payments made by Byers from November 2022 through April 2023 to USA Medical and/or Prem Pro LLC, including the date, amount, payee, source account, and method of payment.

12.        All emails, correspondence, and communications transmitting invoices from USA Medical to Byers, including but not limited to the invoice dated January 22, 2023 that was transmitted on or about March 10, 2023, as testified to by Zachary Byers, together with all attachments, metadata, and any related communications sufficient to reflect the date each invoice was created, sent, received, and paid.

5

4935-8035-7290, v. 3

13.     All agreements, contracts, and other written arrangements between Byers and Prem Pro, LLC, including all amendments, addenda, and related documents.

14.     All emails, correspondence, and communications between Byers and Prem Pro, LLC transmitting or attaching invoices, together with all attachments, metadata, and any related communications sufficient to reflect the date each invoice was created, sent, received, and paid.

Dated: Mineola, New York
        May 11, 2026

                                        **MELTZER, LIPPE, GOLDSTEIN &
                                        BREITSTONE, LLP**
                                        *Attorneys for Plaintiff*

                                By:     ***/s/ Stephen W. Livingston***
                                        Thomas J. McGowan, Esq.
                                        Stephen W. Livingston, Esq.
                                        190 Willis Avenue
                                        Mineola, New York 11501
                                        (516) 747-0300

To:     Dimitri Teresh, Esq.
        **THE KILLIAN FIRM, P.C.**
        *Attorneys for Defendants*
        Tindal Executive Suites
        107 Tindall Road
        Middletown, New Jersey 07748

        Ryan Milun, Esq.
        **THE MILUN LAW FIRM, LLC**
        *Attorneys for Defendants*

        20 Commerce Drive, Suite 135
        Cranford, New Jersey 07016
        (862) 702-5010

6

4935-8035-7290, v. 3