`

EUGENE KILLIAN, JR*

DIMITRI TERESH*

VIRGINIA A. NAIROOZ*



*MEMBER NJ & NY BAR

# THE  KILLIAN FIRM, P. C.

ATTORNEYS AT LAW

June 25, 2026

**VIA ECF**

Hon. Joan M. Azrack, U.S.D.J.

United States District Court, Eastern District of New York

Long Island Courthouse

100 Federal Plaza

Central Islip, New York 11722

**Re:   New York Microscope Company, Inc. v. Byers Holding Group, LLC and USA Capital Fund, LLC d/b/a USA Medical Supply**

Docket No. 23-cv-03718 JMA-ARL

Dear Judge Azrack:

This firm, together with The Milun Law Firm, P.C., represents the defendants, Byers Holding Group, LLC ("Byers") and USA Capital Fund, LLC d/b/a USA Medical Supply ("USA Capital"), in this action. We are writing this correspondence to formally request a pre-motion conference on behalf of Byers to request permission to file a motion for summary judgment as to all of plaintiff's claims.  The basis for the summary judgment motion is as follows:

This action concerns a contract between Byers and Plaintiff New York Microscope Company, Inc. ("NYMC") for the supply of Personal Protective Equipment ("PPE") to the Indian Health Services ("IHS").  According to the signed contract, NYMC was to be the "seller" of the PPE that Byers was to delivery to IHS as part of a solicitation for bids issued from IHS.  Byers won the contract with IHS and contracted with NYMC to assist in supplying the PPE.  According to the third whereas clause in the contract, NYMC was required to "supply the Company[1] and Government with such Goods and Delivery Schedule which meets the solicitation requirements from CLIM 1, 2, and 3 upon the Government contract award."  During the course of this litigation, NYMC has repeatedly tried to amend, reinterpret or flat out change the language of the contract, under settled law, however, the clear language of the contract governs. Ashwood Capital, Inc. v. OTG Mgt., Inc., 99 A.D.3d 1, 7 (1st Dept. 2012) (A clear contract will be enforced according to its terms).

Section 1.1 of the contract with NYMC specifically notes that Byers is "purchasing product from NYMC." Although the contract required NYMC to supply the product to Byers, NYMC never had a contract or access to PPE to supply product as required by the contract – that was performed by USA Capital.

---

[1] Byers was identified in the contract as the "Company".

Hon. Joan M. Azrack, U.S.D.J.
June 25, 2026
Page 2

Under Section 2 of the contract entitled "Specifications," NYMC was required to "thoroughly review all product and delivery specifications and provide Goods which only conform to the product specifications in the Solicitation and Appendix A."  Once again, in breach of the contract, NYMC had no product and no inspections that occurred at any time.

Section 3.1 of the contract, entitled "Delivery" required delivery to the Government on November 28, 2022 and that delivery was to be provided by "Seller and its third-party logistics services." Section 3.1 also notes that Byers will not be responsible for any delays, losses or damages in connection with the transit of the PPE.  In contravention of the contract requirements, NYMC did not have or use a third party logistics service to assist in the delivery of the product – once again, those services were secured by USA Capital

Section 3.2 provides that NYMC "shall be responsible for **all loading costs and provide equipment and labor suited for delivery** of the Goods to the Delivery Point.  Seller must provide proof of delivery to Company within 24 hours of delivery" (emphasis added)  NYMC never provided the required proof of delivery, indeed it could not, as it never actually had any product to deliver. Further, the shipment of goods included significant additional costs that NYMC is responsible for per the contract.

Section 7.1 "Payment Terms" notes that "The payment of $585,000 shall be paid to New York Microscope, Inc,. not later than three business days after Byers Holding Group receives the wire transfer from USA Medical Supply in accordance with the Payment Transfer Agreement between USA Medical Supply Company, Inc. and Byers Holding Group, LLC.

Section 7.2 provided that Byers "is not required to pay any interest or fees.

In around March 2023, Byers received an invoice from USA Medical – the actual supplier of the PPE and the actual party that performed the logistics that NYMC had contracted to perform – and the invoice included significant additional costs that were incurred in connection with the financing, packaging, and distribution of the PPE – in other words the fulfillment costs. Specifically, the invoice included $300,000 in costs for the financing of the contract; $74,207.13 for 65,000 Corrugated Boxes to pack the PPE in for shipment; $185,000 for the fulfillment (packing) of the boxes; and $256,536.25 for the transportation of the PPE (freight) from the fulfillment center to the original shipping location. In total, the invoice from USA Medical was for **$815,743.38** and included the full amount of additional costs that NYMC is required to pay.

Although Byers was the entity that received the USA Medical invoice, the costs included in that invoice were the sole responsibility of NYMC – per Section 3.2 of the Byers/NYMC contract.

The contract provisions noted above, are the relevant provisions for purposes of Byers motion for summary judgment and what render all of NYMC's claims moot.  In this action, NYMC has asserted three claims against Byers: (1) Breach of Contract; (2) Unjust Enrichment; and (3) Quantum Meruit.  Each of these claims should be dismissed.

K

Hon. Joan M. Azrack, U.S.D.J.
June 25, 2026
Page 3

For the breach of contract claim, Byers has not breached any provision of the contract. While NYMC claims that it is owed $585,000, that is untrue for two reasons: first, according to the contract, NYMC "**shall** be responsible for **all loading costs and provide equipment and labor suited for delivery** of the Goods to the Delivery Point.  All of the costs incurred in the USA Capital invoice totaling over $815,000 are related to loading, equipment, and labor in connection with delivery, which completely offsets any amounts that NYMC is owed under the contract. Second, according to Section 7.1, Byers is only responsible to pay NYMC once it receives funds from USA Capital.  To date, Byers has not received any funds from USA Capital, because currently USA Capital is owed in excess of $815,000!  Per the clear terms of the contract, therefore, Byers has not breached the agreement in any way, and cannot be forced to pay anything until the costs with USA Capital are squared up with NYMC, and funds are actually released to Byers by USA Cap – as required by the agreement.  Because Byers has not received funds, it is not obligated to pay NYMC and has thus, not breached the agreement.

For the unjust enrichment claim, in order to prevail, NYMC must prove: (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) it would be against equity and good conscience to permit the defendant to retain what is sought to be recovered. *See* Old Republic Nat'l Title Ins. Co. v. Luft, 52 A.D.3d 491, 491–92 (2d Dept. 2008).  NYMC cannot even establish the first two elements of an unjust enrichment claim, as Byers is not holding any funds of NYMC and accordingly, Byers not only has not been enriched, it certainly has not been enriched at the expense of NYMC.

Finally, NYMC cannot support its quantum meruit claim. The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.  See Clark-Fitzpatrick, Inc. v. Long Island R. Co, 70 N.Y.2d 382, 388-89 (1987). A "quasi contract" **only** applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment. See Id. Citing Parsa v State of New York, 64 NY2d 143, 148 (1984).  Here, a valid binding contract governs the obligations of the parties, and accordingly, there can be no claim of quasi contract.

Based on the above, Byers respectfully requests a premotion conference and/or permission to file a motion for summary judgment dismissing all of NYMC's claims.

Respectfully submitted,
**THE KILLIAN FIRM, P.C.**

By:    ___*/s/ Dimitri Teresh*___
Dimitri Teresh, Esq.
dteresh@tkfpc.com

*Attorneys for Defendants Byers Holding*
*Group, LLC and USA Capital Fund, LLC*
*d/b/a USA Medical Supply*

