**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

Stephen W. Livingston, Esq.
(516) 470-0141
SLivingston@meltzerlippe.com

July 2, 2026

**Via ECF**

Hon. Joan M. Azrack, U.S.D.J.
United States District Court, Eastern District of New York
Long Island Courthouse, 100 Federal Plaza
Central Islip, New York 11722

        **Re:**    **New York Microscope Company, Inc. v.**
                    **Byers Holding Group LLC, et al., Case No. 23-cv-03718-JMA-ARL**

Dear Judge Azrack:

We represent plaintiff New York Microscope Company, Inc. ("NYMC") and submit this letter in opposition to defendant USA Capital Fund, LLC d/b/a USA Medical Supply's ("USA Medical") request for leave to move for summary judgment on NYMC's claims for tortious interference and conversion. Leave should be denied because the proposed motion depends on disputed facts and credibility determinations, most notably whether USA Medical manufactured and backdated an $815,000 invoice to justify withholding NYMC's $585,000 commission. On summary judgment, the Court must credit NYMC's evidence, draw all reasonable inferences in its favor, and leave issues of credibility and the weight of the evidence for trial. *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010).

**I. The structure of the transaction.** This case arises from a brokered government procurement in which NYMC helped assemble the winning bid proposal while all parties understood USA Medical (not NYMC) would supply the isolation gowns. The proposed motion depends upon ignoring both the structure of the transaction and the parties' subsequent course of performance.

The Indian Health Service ("IHS") solicited bids for 4.5 million isolation gowns through a procurement limited to American Indian-owned businesses. Byers qualified to bid but had no product or supplier. Its teaming partner and agent, John Rhoden of Captura Advisory, therefore contacted NYMC seeking a quote for "my bid on a US Gov't contract for [IHS]." NYMC principal Ossnat Koenig then provided the critical components Byers lacked, including a domestic manufacturer (USA Medical through its affiliate Three Zones), pricing, product specifications, FDA materials, and product samples. The information supplied by NYMC was incorporated into Byers's bid submission. The Government's sample submission form identified NYMC as the submitting company and Three Zones as the manufacturer, and Ms. Koenig disclosed that the manufacturer was "aka USA Medical Supply." Thus, before the contract was awarded, the parties understood that USA Medical/Three Zones, not NYMC, would manufacture and supply the gowns.

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

The Honorable Joan M. Azrack, U.S.D.J.
July 2, 2026
Page 2

After IHS awarded Byers a $3,885,000 contract ("IHS Contract"), the parties executed a series of interrelated agreements confirming that USA Medical was to supply the gowns. The September 25, 2022 agreement between Byers and NYMC, drafted by Byers' agent John Rhoden, obligated Byers to pay NYMC a flat $585,000 fee, regardless of the quantity supplied, and provided that Byers was not required to pay "interest or fees"; terms consistent with a commission, not a purchase price. The agreement further provided that NYMC would be paid after Byers received funds from USA Medical pursuant to the "Payment Transfer Agreement between USA Medical[] and Byers[]" and referenced the accompanying Purchase Order between Byers and USA Medical. Consistent with that structure, Byers issued a Purchase Order to USA Medical for all 4.5 million gowns for $2,925,000, assigned its rights under the IHS contract to USA Medical pursuant to a September 29, 2022 Buyer Assignment Agreement, and later redirected payment to Prem Pro, LLC. After IHS paid Byers the full contract amount, Byers retained the commission negotiated by Ms. Koenig, remitted the balance to Prem Pro, LLC, and paid NYMC nothing.

The Purchase Order between Byers and USA Medical expressly states that there is no charge for shipping and performance shall be made in accordance with the IHS Contract. Thus, USA Medical agreed to box 70 gowns per case and to ship in accordance with the terms of IHS Contract for a flat fee of $2,925,000. The contention that USA Medical is owed monies for financing, packaging and shipping is flatly contradicted by the Purchase Order which its principal admits it agreed to.

**II. Tortious interference presents disputed questions of intent, breach, and damages.** USA Medical concedes it was a stranger to the Byers-NYMC Agreement and was aware of the terms therein, the very status that permits liability for procuring a breach. *Finley v. Giacobbe*, 79 F.3d 1285, 1294 (2d Cir. 1996). It argues only that NYMC cannot prove intentional procurement, breach, or damages, but each element presents factual disputes. A jury could find USA Medical caused Byers's nonpayment. Byers admitted withholding the $585,000 commission and never demanded the predicate wire from USA Medical. In March 2023, Byers asked USA Medical principal Andy Fink to generate a $385,000 invoice for "additional costs" to add "context." The invoice bears a March 2023 reference number despite reciting a January 22, 2023 creation date, and Byers admitted he did not believe it was created in January. The evidence further shows that Byers intended to present Koenig with a reduced figure so she would "sign[] off on the release" and accept less than her commission. Whether USA Medical participated in that effort is a question for the jury.

**III. USA Medical's justification defense fails on disputed facts.** USA Medical contends it withheld NYMC's commission because it was owed fulfillment costs, but its own Purchase Order refutes that claim. USA Medical agreed to supply and ship all 4.5 million gowns for a fixed price of $2,925,000 "in accordance with" the IHS Contract, including shipping. The IHS Contract required packaging of 70 gowns per case from the outset. Those costs were therefore part of USA Medical's promised performance, not additional obligations chargeable to NYMC (nor could they be charged to NYMC because USA Medical did not have a contract with NYMC). Whether USA Medical's asserted justification was legitimate, or merely a post hoc attempt to reduce NYMC's commission, is a factual issue that cannot be resolved on summary judgment.

**IV. USA Medical's own non-circumvention agreement independently defeats summary judgment.** USA Medical's principals, Steve Luk and Revi Louk, signed a Non-Circumvention

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

The Honorable Joan M. Azrack, U.S.D.J.
July 2, 2026
Page 3

Agreement directly with NYMC on April 27, 2022 covering the PPE and medical gown opportunity at issue. The agreement prohibited USA Medical from doing business with parties referred by NYMC "for the purpose of circumventing" NYMC out of "profit, fees, or otherwise." NYMC does not assert a breach-of-contract claim based on this agreement; it relies on it as evidence bearing on USA Medical's intent. USA Medical's asserted interest was to seek payment for costs that neither Byers nor NYMC was obligated to pay and, as a result, retain funds that allegedly belonged to NYMC. Thus, it cannot be argued that USA Medical was protecting its economic stake in Byers' business andthe economic-interest defense does not protect conduct undertaken through fraudulent or improper means. *Foster v. Churchill*, 87 N.Y.2d 744, 749-750 (1996). Whether USA Medical used a manufactured invoice to eliminate NYMC's commission is a factual issue that precludes summary judgment.

**V. The $585,000 commission is a specific, identifiable fund subject to conversion.** Under New York law, money may be subject to conversion where it is a determinate, identifiable sum that a defendant was obligated to remit. *Fam. Health Mgmt., LLC v. Rohan Devs., LLC*, 207 A.D.3d 136 (2d Dep't 2022). Here, the $585,000 was a fixed amount carved from the $3,885,000 paid by IHS. USA Medical's own non-circumvention undertaking reinforces that the commission was not a general debt, but a specific amount that could not be diverted through an alleged offset. USA Medical's claim that it was entitled to retain the funds depends on the same disputed invoice and factual issues regarding the alleged fulfillment costs. Those disputes cannot be resolved on summary judgment.

For these reasons, NYMC respectfully requests that the Court deny USA Medical leave to move for summary judgment.

Respectfully submitted,
*/s/ Stephen W. Livingston*
Stephen W. Livingston, Esq.

cc:      All Counsel of Record via ECF

4907-9263-8138, v. 1