UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

NEW YORK MICROSCOPE COMPANY, INC.,

                                   Plaintiff,

                - against –

BYERS HOLDING GROUP, LLC, and USA CAPITAL
FUND, LLC d/b/a USA MEDICAL SUPPLY,

                              Defendants.

-------------------------------------------------------------------X

Case No. CV 23-3718
(JMA)(ARL)

**JOINT PRE-TRIAL ORDER**

Pursuant to the Order of Magistrate Judge Arlene R. Lindsay, dated June 23, 2026, the

parties hereby jointly submit the following Pretrial Order:

## I.    Trial Counsel Information

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| **Meltzer, Lippe, Goldstein & Breitstone, LLP**<br>Thomas J. McGowan, Esq.<br>Stephen W. Livingston, Esq.<br>Preston S. Scherr, Esq.<br>190 Willis Avenue<br>Mineola, New York 11501<br>(516) 747-0300<br>tmcgowan@meltzerlippe.com<br>slivingston@meltzerlippe.com<br>pscherr@meltzerlippe.com | **The Killian Firm, P.C.**<br>Dimitri Teresh, Esq.<br>Tindal Executive Suites<br>107 Tindall Road<br>Middletown, New jersey 07748<br>(732) 912-2100<br>dteresh@tkfpc.com<br><br>   - and-<br><br>**The Milun Law Firm, LLC**<br>Ryan Milun, Esq.<br>20 Commerce Drive, Suite 135<br>Cranford, New Jersey 07016<br>862-702-5011<br>ryan.milun@milunlaw.com |

## II.    Subject Matter Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) based on diversity

of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

Plaintiff New York Microscope Company, Inc. is a New York corporation with its principal place of business in Hicksville, Nassau County, New York.  Defendant Byers Holding Group, LLC is a limited liability company with its principal place of business in Scottsdale, Arizona, and its members are citizens of Arizona.  Defendant USA Capital Fund, LLC d/b/a USA Medical Supply is a Florida limited liability company with its principal place of business in Hollywood, Florida, and has two members, neither of whom is a citizen of New York. Plaintiff seeks damages of $585,000.00.

III.    **Summary of Claims**

Plaintiff New York Microscope Company, Inc. ("NYMC") asserts claims arising from a September 25, 2022 agreement between NYMC and Defendant Byers Holding Group, LLC ("Byers") concerning a transaction to supply personal protective equipment ("PPE") to the Indian Health Service National Supply Service Center ("IHS"). NYMC contends that the agreement obligated Byers to pay NYMC a $585,000 commission in connection with the transaction. NYMC further contends that it identified Defendant USA Capital Fund, LLC d/b/a USA Medical Supply ("USA Medical") as the supplier, participated in negotiating the economics of the transaction, including a $2.925 million supply price and a $3.885 million bid price, and assisted in preparing the successful bid submitted to IHS. NYMC alleges that IHS paid Byers the full $3.885 million contract amount, that Byers remitted that payment to USA Medical, and that neither defendant paid NYMC the $585,000 commission NYMC claims is due.

NYMC asserts five causes of action: (i) breach of contract against Byers seeking $585,000; (ii) unjust enrichment against Byers, pleaded in the alternative, seeking $585,000; (iii) quantum meruit against Byers, pleaded in the alternative, seeking $585,000; (iv) tortious interference with contract against USA Medical, based on NYMC's contention that USA Medical caused or induced

Byers not to pay the commission allegedly owed to NYMC; and (v) conversion against USA Medical, based on NYMC's contention that USA Medical exercised dominion and control over funds that should have been paid to NYMC.

Byers admits that it entered into the September 25, 2022 agreement with NYMC, but denies that NYMC performed its obligations and denies that any commission or other amount is owed to NYMC. Byers contends that the agreement identifies NYMC as the "seller" of the PPE and required NYMC to supply, inspect, and arrange delivery of the goods, including responsibility for loading and delivery costs. Byers further contends that NYMC failed to perform those obligations. Byers also contends that, under an assignment-of-payment arrangement with USA Medical, Byers was required to remit the full IHS payment to USA Medical and could not release any portion of that payment to NYMC unless and until USA Medical released funds, which Byers contends has not occurred. In addition, Byers asserts that expenses reflected in USA Medical's $815,743.38 invoice, together with $63,485 in professional services Byers claims it performed, are NYMC's responsibility and exceed any amount NYMC claims to be owed.

USA Medical admits that it is not a named party to the September 25, 2022 agreement between NYMC and Byers, but contends that the agreement nevertheless describes obligations that NYMC was required to perform, including responsibility for certain loading and related costs. USA Medical admits that it received the $3.885 million payment pursuant to an assignment arrangement and that it has not remitted $585,000 to NYMC. USA Medical denies that NYMC is entitled to any payment under the agreement and denies the elements of NYMC's tortious-interference and conversion claims, including any improper interference, wrongful exercise of dominion over NYMC's property, or obligation to remit funds to NYMC.

3

Byers asserts three counterclaims against NYMC, each premised on Byers' contention that NYMC was the "seller" under the September 25, 2022 agreement and failed to perform. Byers asserts counterclaims for: (i) breach of contract, seeking $879,228.38; (ii) breach of the implied covenant of good faith and fair dealing; and (iii) unjust enrichment in the amount of $63,485 for services Byers claims to have performed in NYMC's stead.

USA Medical asserts a counterclaim for breach of contract, contending that it is owed $815,743.38 for loading, financing, packaging, freight, and related costs that USA Medical contends are recoverable in connection with the transaction and the Byers-NYMC agreement.

NYMC denies the material allegations of Defendants' counterclaims. As to Byers, NYMC asserts, among other defenses, that the counterclaims fail to state a claim, that the unjust-enrichment and implied-covenant counterclaims are duplicative of the breach-of-contract counterclaim, and that Byers' breach-of-contract counterclaim is barred by Byers' own prior breach and the parties' course of conduct. As to USA Medical, NYMC asserts, among other defenses, failure to state a claim and lack of privity of contract. NYMC contends that the evidence will show that NYMC acted as the broker for the transaction, that Byers accepted the benefits of NYMC's work in securing the IHS transaction, and that Defendants' asserted charges and defenses do not defeat NYMC's right to recover the unpaid commission.

## IV.    Jury or Non-Jury Trial

The parties anticipate this jury trial will last approximately six days.

## V.    Stipulations of Law/Fact

The parties stipulate to the following facts, which are not in dispute:

1.  In or about September of 2022, Byers submitted a bid to the IHS to supply 4.5 million isolation gowns.

2. On or about September 25, 2022, Byers was awarded the IHS Contract to supply 4.5 million isolation gowns for a payment of $3,885,000.

3. On September 28, 2022, NYMC and Byers entered into an agreement.

4. Byers fulfilled the IHS Contract by delivering 4.5 isolation gowns.

5. IHS paid Byers the amount of the contract, $3,885,000.

6. Byers did not pay NYMC.

7. USA Medical supplied the isolation gowns to Byers.

8. Byers assigned the IHS payments to Prem Pro, LLC.

## VI.    **Names and Addresses of All Witnesses**

**Plaintiff's witnesses:**

1. Ossnat Koenig, principal of Plaintiff NYMC, address c/o Meltzer Lippe Goldstein & Breitstone, LLP.

    a. Ms. Koenig will testify about the transaction, her dealings with Defendants and their principals, the agreement for the supply of PPE, the bid submittal process for the IHS, and Plaintiff's damages.

2. John Rhoden, principal of Captura Advisory LLC, 500 Ala Moana Boulevard, Honolulu Waterfront Suite 7400, Honolulu, Hawaii 96813.

    a. Mr. Rhoden will testify concerning the Teaming Agreement between his company Captura Advisory, LLC and Defendant Byers as well as his role in the transaction. Mr. Rhoden acted as the agent of Byers to create the bid submission to the IHS. Mr. Rhoden further drafted the Contract between NYMC and Byers as well as the ancillary contractual documents related to IHS contract award, including the purchase order between Byers and USA Medical.

4936-3563-0783, v. 3

3. Ed Byers, Managing Director of Byers, c/o Defendants' Counsel.

   a. It is anticipated that Mr. Byers will testify concerning his role in the transaction, including negotiations with the IHS, structuring the bid submission with John Rhoden, authorizing the structure of the transaction, the contract between NYMC and Byers, the purchase order between USA Medical and Byers along with the ancillary documents thereto, and the submission of invoices and payments for the work on the IHS contract.

4. Zachary Byers, Principal of Byers, c/o Defendants' Counsel.

   a. It is anticipated that Mr. Byers will testify concerning the structure of the transaction, non-payment to NYMC, the purchase order with USA Medical as well as ancillary documents related thereto, receipt of the payments from IHS, his communications or lack thereof with NYMC, his communications with the principals of USA Medical and principal Andy Fink, and the back-dating of invoices from USA Medical in March of 2023.

5. Steven Luk, Principal of USA Medical, c/o Defendants' Counsel.

   a. It is anticipated that Mr. Luk will testify concerning USA Medical's role as the supplier of the PPE to Byers and NYMC's role as the broker, the mechanic's of the assignment agreements between USA Medical and Byers as well as the Addendum thereto, the origin of the March 2023 invoice in the amount of $815,743.38, his personal animus with Ms. Koenig, the non-disclosure agreement signed with NYMC, the purchase order between USA Medical and Byers as well as ancillary documents related thereto, and communications with Zachary Byers, Andy Fink, and Ossnat Koenig.

6

6. Andy Fink, President of USA Medical, c/o Defendants' Counsel.

   a. It is anticipated that Mr. Fink will testify as to communications with Zachary Byers, the creation of invoices in March 2023, the assignment between Byers and USA Medical and the addendum thereto, the alleged damages contended in the counterclaims, and his role in connection with the IHS contract.

7. Eli Rouimmi, CEO of USA Medical, c/o Defendants' Counsel.

   a. It is anticipated that Mr. Rouimmi will testify concerning the Berry affidavits signed in connection with the IHS bid, the invoices and payments related to the IHS contract, and the assignment agreement between USA Medical and Byers and the Addendum thereto.

**Defendants' Witnesses:**

1. Ed Byers, Managing Director of Byers, c/o Defendants' Counsel.

   a. Byers will testify concerning the contract with NYMC, the bid submission to IHS, NYMC's failure to perform under the contract, and Byers assuming the obligations of NYMC; Byers will also testify as to the correct Purchase Order and the manner in which same was created, the Assignment Agreement between Byers and USA Capital, and the payments by IHS. Finally, Byers will testify about the payment dispute with NYMC and the basis as to why NYMC was not paid under the controlling contract.

2. Zachary Byers, Principal of Byers, c/o Defendants' Counsel.

   a. Byers will testify concerning the contract with NYMC, the bid submission to IHS, NYMC's failure to perform under the contract, and Byers assuming the obligations of NYMC; Byers will also testify as to the correct Purchase Order and the manner

7

4936-3563-0783, v. 3

in which same was created, the Assignment Agreement between Byers and USA Capital, and the payments by IHS. Finally, Byers will testify about the payment dispute with NYMC and the basis as to why NYMC was not paid under the controlling.

3. Steven Luk, Principal of USA Medical, c/o Defendants' Counsel.

   a. Mr. Luk will testify concerning USA Medical's role as the supplier of the PPE to Byers and NYMC's role as the broker, the mechanic's of the assignment agreements between USA Medical and Byers as well as the Addendum thereto, the March 2023 invoice in the amount of $815,743.38 and the backup costs for that invoice, the purchase order between USA Medical and Byers as well as ancillary documents related thereto, and communications with Zachary Byers, Andy Fink, and Ossnat Koenig.

4. Andy Fink, President of USA Medical, c/o Defendants' Counsel.

   a. Mr. Fink will testify as to communications with Zachary Byers, the assignment between Byers and USA Medical and the addendum thereto, the alleged damages contended in the counterclaims, and his role in connection with the IHS contract.

5. Eli Rouimi, CEO of USA Medical, c/o Defendants' Counsel.

   a. Mr. Rouimi will testify concerning the IHS bid, the invoices and payments related to the IHS contract, and the assignment agreement between USA Medical and Byers and the Addendum thereto.

## VII.   **<u>Designation of Deposition Testimony</u>**

**Plaintiff's designations:**

1. Deposition of Zachary Byers held on April 20, 2026:

- Page 27, lines 14-24
- Page 34, line 25 through Page 35, lines 1-19
- Page 62, line 6-25 through Page 63, lines 1-5
- Page 74, line 17-25 through Page 75, lines 1-2
- Page 93, lines 5-9
- Page 94, lines 13-18
- Page 99, lines 5-20
- Page 100, lines 11-24
- Page 101, lines 2-4
- Page 102, lines 2-7
- Page 108, lines 22-25 through Page 109, lines 1-7.
- Page 110, lines 6-18
- Page 110, line 25 though page 111, lines 1-14
- Page 115, lines 4-7
- Page 116, lines 4-24
- Page 117, lines 3-20
- Page 123, lines 2-10 and lines 22-25
- Page 141, lines 21-25 through Page 142, lines 1-3
- Page 170, lines 12-22
- Page 195, lines 13-22
- Page 214, lines 2-10
- Page 204, lines 3-16
- Page 225, lines 18-25 through Page 226, lines 1-8
- Page 230, lines 17-25 through Page 231, lines 1-16
- Page 236, lines 13-25 through Page 237, lines 1-4
- Page 241, lines 3-25 through Page 242, lines 1-2
- Page 248, lines 14-25 through Page 249, lines 1-4
- Page 272, lines 10-16

2. Deposition of Steven Luk held on April 28, 2026:

- Page 10, lines 20-25 through Page 11, lines 1-7
- Page 12, lines 7-15 through Page 13, lines 1-2
- Page 15, lines 16-25 through Page 16, lines 1-3
- Page 20, lines 2-25 through Page 21, lines 1-25
- Page 23, lines 15-25 through Page 25, lines 1-25
- Page 46, lines 11-24
- Page 47, lines 9-19
- Page 66, lines 1-25 through Page 67, lines 1-17
- Page 110, lines 20-25 through Page 111, lines 1-24
- Page 122, lines 15-25 through Page 123, lines 1-14
- Page 125, lines 11-25
- Page 126, lines 3-9
- Page 130, lines 1-8

9

4936-3563-0783, v. 3

- Page 133, lines 3-8
- Page 192, lines 24-25 through Page 193, lines 1-12
- Page 193, lines 22-25 through Page 194, lines 1-23
- Page 201, lines 4-16
- Page 221, lines 7-21
- Page 234, lines 5-14

Plaintiff preserves its right under Federal Rule of Civil Procedure 32(a)(2) to use deposition testimony for purposes of impeachment and/or other purposes allowed by the Federal Rules of Civil Procedure.

**Defendants' designations:**

Defendants preserve their right under Federal Rule of Civil Procedure 32(a)(2) to use deposition testimony for purposes of impeachment and/or other purposes allowed by the Federal Rules of Civil Procedure; however, defendants do not make any specific deposition designations.

## VIII.    Trial Exhibits

**Plaintiff's Exhibits:**

| Plaintiff Exhibit No. | Description | Objection |
|---|---|---|
| Exhibit 1 | Teaming Agreement, dated September 6, 2022 | |
| Exhibit 2 | Emails from September 2022 (Plaintiff_00125-131) | |
| Exhibit 3 | Emails from September 2022 (Plaintiff_00132-136) | |
| Exhibit 4 | Emails from September 2022 (Plaintiff_00137-140) | |
| Exhibit 5 | Emails from September 2022 (Plaintiff_00144-149) | |
| Exhibit 6 | Email specification for IHS Bid (Plaintiff_00150-164) | |
| Exhibit 7 | Emails re Three Zones Registration (Plaintiff_00177-179) | |
| Exhibit 8 | Emails re Three Zones Registration (Plaintiff_00180-192) | |
| Exhibit 9 | Email re Meeting for Berry Compliance (Plaintiff_00193-195) | |
| Exhibit 10 | John Rhoden Email with Contract between IHS and Byers (Plaintiff_00196-202) | |

4936-3563-0783, v. 3

| Plaintiff Exhibit No. | Description | Objection |
|---|---|---|
| Exhibit 11 | John Rhoden Email with Redacted Contract between IHS and Byers along with draft Contract between ROMI and Three Zones (Plaintiff_00203-216) | |
| Exhibit 12 | John Rhoden email with corrected contract between Byers and New York Microscope (Plaintiff_00286-300) | |
| Exhibit 13 | Purchase Order between Byers and USA Medical dated September 25, 2022 (Plaintiff_00217) | Object as this was not the correct Purchase Order, the correct order was at Bates 343 |
| Exhibit 14 | Attachment 1 to Purchase Order – IHS Contract with Byers (Plaintiff_00218-220) | |
| Exhibit 15 | Attachment 2 to Purchase Order – IHS Request for Quote (Plaintiff_221-275) | |
| Exhibit 16 | Attachment 3 to Purchase Order – Draft Agreement between ROMI and Three Zones (Plaintiff_00276-285) | Object as this is not the correct attachment 3 |
| Exhibit 17 | Buyer Assignment Agreement between Byers and USA Medical (Plaintiff_00403-413) | |
| Exhibit 18 | Text Messages between Zach Byers and Andy Fink (produced by Defendants without a Bates Stamp) | |
| Exhibit 19 | Amended Complaint | |
| Exhibit 20 | Byers Answer to Amended Complaint | |
| Exhibit 21 | Messages between Ossnat Koenig and Zach Byers (Plaintiff_00046-52) | |
| Exhibit 22 | Email between Steven Luk and Zach Byers dated February 24, 2023 (produced by Defendants without Bates Stamp) | |
| Exhibit 23 | Email between Andy Fink and Zach Byers dated February 24, 2023 (produced by Defendants without Bates Stamp) | |
| Exhibit 24 | Email between Andy Fink and Zach Byers dated February 18, 2023 (produced by Defendants without Bates Stampt) | |
| Exhibit 25 | Email between John Rhoden and Zach Byers dated January 20, 2023 (produced by Defendants without Bates Stamp) | |
| Exhibit 26 | Byers Email Response to IHS dated January 20, 2023 | |
| Exhibit 27 | Byers Letter to IHS dated January 20, 2023 | |

11

4936-3563-0783, v. 3

| Plaintiff Exhibit No. | Description | Objection |
|---|---|---|
| Exhibit 28 | USA Medical Invoice to Byers Reference 20230320 | |
| Exhibit 29 | Prem Pro Invoice to Byers dated January 13, 2023 | |
| Exhibit 30 | James Lee Email to Andy Fink dated July 17, 2024 | |
| Exhibit 31 | Buyer Assignment Agreement Addendum between Byers and USA Medical Supply (undated) | |
| Exhibit 32 | Various Invoices Related to Freight and Packaging (Plaintiff_00340-398) | |
| Exhibit 33 | Spreadsheet of Expenses for USA Capital (Plaintiff_00399-400) | |
| Exhibit 34 | Email between Ossnat Koenig and Steven Luk dated January 17, 2023 with Letter dated January 14, 2023 | |
| Exhibit 35 | Text Messages between Ossnat Koenig and Steven Luk (Plaintiff_00062-70) | |
| Exhibit 36 | USA Medical Answer to Amended Complaint with Counterclaims | |
| Exhibit 37 | Text Message Between Ossnat Koenig and Revi Louk (Plaintiff_00001-11; Plaintiff_00112-117) | |
| Exhibit 38 | Non-Circumvention Agreement between Ossnat Koenig and Steven Luk and Revi Louk of USA Medical dated April 22, 2022 | |
| Exhibit 39 | USA Medical Supply Response to First Request for Admission dated April 24, 2026 | |
| Exhibit 40 | Purchase Order issued by Byers to USA Medical (Plaintiff_00343) | |
| Exhibit 41 | Email from Zach Byers to IHS dated September 7, 2022 (Byers adv NY Microscope 00000746) | |
| Exhibit 42 | Byers RFQ Submission to IHS (Byers adv NY Microscope 00001250-1280) | |
| Exhibit 43 | Email correspondence between Zach Byers and Jimmy Culver of IHS dated November 7, 2022 (Byers adv NY Microscope 00000788-789) | |
| Exhibit 44 | Email correspondence between Zach Byers and IHS dated September 19, 2022 re Berry Amendment Affidavits (Byers adv NY Microscope 00001494-1496) | |

12

| Plaintiff Exhibit No. | Description | Objection |
|---|---|---|
| Exhibit 45 | Email correspondence between Zach Byers and IHS dated December 8, 2022 (Byers adv NY Microscope 00001722-1723) | |
| Exhibit 46 | Email correspondence between John Rhoden and Byers dated September 2022 (Byers adv NY Microscope 00001962-1964) | |
| Exhibit 47 | Berry Amendment Affidavit signed by Eli Rouimmi on behalf of USA Medical (Byers adv NY Microscope 00001979) | |
| Exhibit 48 | Wells Fargo Bank Statements to Byers (Byers adv NY Microscope 00002158-2174) | |
| Exhibit 49 | Email confirmation of payment to USA Medical (Byers adv NY Microscope 00002149-2150) | |
| Exhibit 50 | Email correspondence between Zach Byers and ISH (Byers adv NY Microscope 00000959-981) | |

**Defendants' Exhibits:**

| Defendants Exhibit No. | Description | Objection |
|---|---|---|
| Exhibit A | September 28, 2022 Agreement between Byers Holding Group and NYMC | |
| Exhibit B | USA Medical Invoice, dated January 22, 2023, INV No. 23499 | |
| Exhibit C | Byers Invoice to IHS, dated February 7, 2023, totaling $3,885,000 | |
| Exhibit D | (correct) Purchase Order, dated September 25, 2022, with reference to three attachments | |
| Exhibit E | Assignment Agreement between Byers Holding Group and USA Capital Fund, LLC, dated September 29, 2022 | |
| Exhibit F | Addendum to Assignment Agreement, dated October 2, 2022 | |
| Exhibit G | Various Invoices from Pratt Corrugated Holdings, Inc. | |
| Exhibit H | Various Invoices from Capital Freight Solutions | |

13

4936-3563-0783, v. 3

| Defendants Exhibit No. | Description | Objection |
|---|---|---|
| Exhibit I | Various Invoices from Phoenix Assurance | |
| Exhibit J | Amended Response to Request for Admission by Byers | Objection. Hearsay under FRE 801(c). |
| Exhibit K | Amended Response to Request for Admission by USA Medical | Objection. Hearsay under FRE 801(c). |
| Exhibit L | Responses by Byers to Interrogatories | Objection. Hearsay under FRE 801(c). |
| Exhibit M | Responses by USA Medical to Interrogatories | Objection. Hearsay under FRE 801(c). |

## IX.    Consent to Trial Before Magistrate

The parties do not consent to a trial before the Magistrate.

### RESERVATION OF RIGHTS

Subject to this Court's rulings, the parties hereby reserve their rights to amend and/or supplement this Pretrial Order with additional exhibits, witnesses, designations, and objections.

Subject to this Court's rulings, the parties reserve their rights to use any relevant and admissible exhibits identified by either party's exhibit list, whether or not such exhibits are actually offered at the time of trial.

Subject to this Court's rulings, the parties reserve their rights to object to any exhibits which have not been disclosed.

Subject to this Court's rulings, the parties reserve their rights to offer for evidence any items, information, and documents exchanged during discovery or obtained pursuant to authorization or subpoena.

14

4936-3563-0783, v. 3

Subject to this Court's rulings, the parties reserve their rights to object to either party's witnesses and exhibits based on relevancy or other evidentiary grounds.

Dated: July 27, 2026
        Mineola, New York

**The Milun Law Firm, LLC**

By: */s/ Ryan Milun*
   Ryan Milun, Esq
Attorney at Law
*Attorneys for Defendants*
20 Commerce Drive, Suite 135
Cranford, New Jersey 07016

**The Killian Firm, P.C.**
By:  */s/ Dimitri Teresh*
   Dimitri Teresh, Esq
Tindal Executive Suites
107 Tindall Road
Middletown, New jersey 07748

**Meltzer, Lippe, Goldstein & Breitstone, LLP**

By:  */s/ Stephen W. Livingston*
   Thomas J. McGowan. Esq.
   Stephen W. Livingston, Esq.
*Attorney for Plaintiff*
190 Willis Avenue
Mineola, New York 11501

4936-3563-0783, v. 3